# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUDY GRAY JOHNSON,**

      **Plaintiff,**

v.                                          **Case No: 6:23-cv-982-PGB-LHP**

**LUMINAR TECHNOLOGIES,**
**INC. and MIKE MCAULIFFE,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court on the following:

1. Movant Bienvenido Andujar's ("**Movant Andujar**") Motion for Appointment as Lead Plaintiff and Approval of Counsel (Doc. 15) and Movant John Alms' ("**Movant Alms**") response in opposition (Doc. 27); and

2. Movant Alms' Motion for Appointment as Lead Plaintiff and Approval of Counsel (Docs. 19, 20) and Movant Andujar's response in opposition (Doc. 26).[1]

---

[1] In addition, Alan Goldberg and Judy Gray Johnson moved for appointment as lead plaintiff, but both subsequently withdrew their motions contingent upon such withdrawal having no impact on membership in the putative class. (Docs. 16, 21, 23, 25).

Upon consideration, Movant Alms' Motion for Appointment as Lead Plaintiff and Approval of Counsel is due to be granted, and Movant Andujar's Motion is consequently denied.

## I.   BACKGROUND

Plaintiff Judy Gray Johnson ("**Named Plaintiff**") brings this securities fraud class action on behalf of herself and all others similarly situated after allegedly sustaining losses from the purchase of Luminar Technologies, Inc. ("**Defendant Luminar**") securities. (Doc. 1). Plaintiff alleges losses incurred during the class period between February 28, 2023 and March 17, 2023, both dates inclusive (the "**Class Period**"), and flowing from Defendant Luminar and Defendant Mike McAuliffe's (the "**Defendant CEO**") (collectively, the "**Defendants**") violations of Section 10(b), Rule 10b–5 promulgated thereunder, and Section 20(a) of the Securities Exchange Act of 1934. (*Id.* ¶¶ 1, 10, 16).

Specifically, Plaintiff alleges that during the Class Period, Defendants made various materially false and misleading statements in violation of the Securities Exchange Act. (*Id.* ¶¶ 17–57). As a result, the Defendant's securities suffered significant losses and damages. (*Id.* ¶ 32). Accordingly, Plaintiff filed the present two-count class action on behalf of herself and all others similarly situated on May 26, 2023. (*Id.*).

Class actions alleging securities causes of action are governed by the Securities Exchange Act of 1934, § 21D(a), as amended by the Private Securities Litigation Reform Act of 1995 ("**PSLRA**"), 15 U.S.C. § 78u–4(a), and FED. R. CIV.

P. 23. The PSLRA was enacted to remedy perceived abuses in the class action procedure in securities fraud actions. *See Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1303–09 (N.D. Ala. 2000) (discussing the problems with securities class actions resulting in the enactment of the PSLRA). The PSLRA requires that notice be published in the first-filed action informing putative class members of their right to move for appointment as lead plaintiff within 60 days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)–(ii). The Court is then tasked with considering all such motions and selecting a lead plaintiff that the Court "determines to be most capable of adequately representing the interests of class members[.]" *Id*. § 78u-4(a)(3)(B)(i)–(ii).

Here, as required by 15 U.S.C. § 78u–4(a)(3)(A)(i), the statutory notice was published on March 26, 2023, giving potential lead plaintiffs until July 25, 2023 to file a motion to be appointed as a lead plaintiff. (Doc. 20-1). Four potential individuals or groups (the "**Movants**") timely moved for appointment as lead plaintiff(s) in this action, but two of these Movants withdrew their motions. (Docs. 15, 16, 19, 21, 23, 26). Critically, Movant Andujar alleges that as a result of Defendants' wrongful acts he has suffered harm of approximately $4,159.76. (Doc. 15, p. 3). In comparison, Movant Alms alleges that as a result of Defendants' wrongful acts he has suffered harm of approximately $61,938.81. (Doc. 20, p. 7). These two Movant's Motions are now ripe to be ruled on.

3

## II.   DISCUSSION

For the following reasons, the Court finds Movant Alms to be the most adequate plaintiff in this action. Consequently, the Court appoints Movant Alms as lead plaintiff and Faruqi & Faruqi, LLP as lead counsel.

### A.   The Early Notice

"Before a district court may rule on a motion to appoint lead plaintiff, it has an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encouraging the most adequate plaintiff, the plaintiff with the largest financial stake in the outcome of the litigation, to come forward and take control of the litigation." *Montesano v. Eros Int'l PLC*, No. 19-14125, 2020 WL 1873015, at *2 (D.N.J. Apr. 14, 2020) (citations and quotation marks omitted); *see also Kanugonda v. Funko, Inc.*, No. C18-812, 2018 WL 9440603, at *1 (W.D. Wash. June 27, 2018) ("As the first step in the process, proper notice is vital and a court has an independent duty to scrutinize published notice for compliance with the PSLRA requirements." (citation and quotation marks omitted)); 15 U.S.C. § 78u-4(a)(3)(A). The purpose of the PSLRA is to "empower investors so that they — not their lawyers — exercise primary control over private securities litigation[.]" *In re Cendant Corp.*, 260 F.3d 183, 197 (3d Cir. 2001) (quotations and citations omitted). Specifically, the notice requirement is meant to provide enough information to allow interested class members to directly "contact the Court and readily obtain a copy of the complaint . . . and/or file a motion to be appointed as lead [plaintiff] in that case." *Del. Cnty.*

4

*Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, No. 3:20-cv-1815, 2020 WL 6682531, at *2 (M.D. Pa. Nov. 12, 2020) (citations and quotation marks omitted). No movant challenges the sufficiency of the early notice in this case, and the Court finds it comports with the purposes of the PSLRA. Indeed, four potential lead plaintiffs with a significant interest in the case came forward to take control of it. (Docs. 15, 16, 19, 21).

### B.   Designation of Lead Plaintiff

Whether a lead plaintiff will fairly and adequately represent the interests of the class is a question of fact for the district court. *Ehlert v. Singer*, 185 F.R.D. 674, 677–78 (M.D. Fla. 1999) (citation omitted). "The determination of fair and adequate representation rests on two bases: (1) common interests between a representative and the class and, (2) a willingness and ability to vigorously prosecute the action." *Id.* at 678. Furthermore, a lead plaintiff must not have any interests antagonistic to other class members. *Id.* "Most importantly, the purported representative 'must demonstrate that she will vigorously prosecute the action by providing both adequate financing and competent counsel.'" *Id.* (citations omitted). The PSLRA contains a rebuttable presumption that the most adequate lead plaintiff is that with the largest financial interest. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(b).

During the Class Period, Movant Alms made purchases of Defendant Luminar's securities that allegedly sustained an estimated loss of $61,938.81, the largest estimated loss sustained by the Movants. (Doc. 20, p. 7). It thus is

presumptively the case that Movant Alms is the most adequate plaintiff based upon his sizable financial interest in the case's just disposition. However, Movant Andujar attempts rebut this presumption. (Doc. 26). Specifically, Movant Andujar asserts that beyond Movant Alms' disclosure of a felony conviction for methamphetamine possession and filing of bankruptcy, he also had several tax liens, subsequent arrests, and ongoing health issues, including a brain injury causing lower cognitive functioning that persists to some degree to this day. (Doc. 26, p. 8).

To start, Movant Alms disclosed the prior conviction, and the subsequent arrests do not by themselves speak to Movant Alms' adequacy as a representative of the class. *Chupa v. Armstrong Flooring, Inc.*, No. 2:19-cv-09840, 2020 WL 1032420, at *5 n.4 (C.D. Cal. Mar. 2, 2020) (appointing a lead plaintiff without a hearing after the plaintiff disclosed prior criminal history that did not speak to dishonesty). Likewise, prior tax liens have little to do with Movant Alms' ability to prosecute the action on behalf of the Class. *See id.* Finally, Movant Alms' lower cognitive functioning, if any, is insufficient to rebut the presumption when he has declared under oath he understands his obligations and will fulfill them if appointed. *C.f. Daniels v. City of N.Y.*, 198 F.R.D. 409, 418–19 (S.D.N.Y. 2001) (rejecting lack of mental competence as reason by itself for appointing a plaintiff as class representative); *see also Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 161 & n.197 (N.D. Cal. 2015) (rejecting alleged cognitive impairments as "valid reason to deem [p]laintiffs inadequate"); (Doc. 20-3). In short, nothing Movant

Andujar raises is sufficient for the Court to doubt that Movant Alms "will not fairly and adequately represent the internets of the class," nor that he is "subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Court thus concludes that Movant Andujar fails to rebut the presumption that Movant Alms is the most adequate lead plaintiff.

Finally, the presumptive lead plaintiff must also satisfy "the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). FED. R. CIV. P. 23 requires that: (1) the claims of the proposed lead plaintiff be typical of the class; and (2) the representative will fairly and adequately represent the interests of the class. *See Fischler v. AmSouth Bancorporation*, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997) (finding wide-ranging analysis under Rule 23 not appropriate at this stage and focusing inquiry on typicality and adequacy). Movant Alms states he understands and accepts his duties and obligations as prospective lead plaintiff and that there are no unique defenses subject to the claims that would render him incapable of adequately advocating the interests of the entire class. (Doc. 20-5). Further, in this case at least the common questions of law and fact outlined in the Complaint remain outstanding which Movant Alms can capably resolve on behalf of the class. (Doc 1).

Movant Alms has therefore preliminarily satisfied the requirements of Rule 23 because their claims are typical of the class. *See Prado–Steiman ex rel. Prado*

7

*v. Bush*, 221 F.3d 1266, 1278–79 n.14 (11th Cir. 2000) (finding typicality satisfied despite slight factual differences because the named representatives' claims share "same essential characteristics as the claims of the class at large"). Additionally, there is no indication in the record that Movant Alms' interests are not wholly aligned with the other members of the class. He has thus also demonstrated that he will fairly and adequately represent the interests of the class. Consequently, the Court finds that Movant Alms has preliminarily satisfied the requirements of FED. R. CIV. P. 23 as required by 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc).

### C. Designation of Lead Counsel

Movant Alms also requests that the law firm of Faruqi & Faruqi, LLP be approved as lead counsel for the class. (Docs. 19, 20).

Subject to the Court's approval, the PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v). Additionally, "the most adequate plaintiff should choose lead counsel, rather than lawyers picking the plaintiffs." *Ehlert v. Singer*, 185 F.R.D. 674, 678 (M.D. Fla. 1999) (citation omitted).

Upon review of the firm resumes submitted to the Court (Docs. 20, 20-6), the Court finds that Faruqi & Faruqi, LLP is experienced in litigating securities class actions. Furthermore, this firm is currently representing Movant Alms. (Docs. 19, 20, 20-5, 20-6). Accordingly, the Court designates Faruqi & Faruqi, LLP as lead counsel with the firm of Schlesinger Law Offices, P.A. to serve as liaison counsel.

8

## III.  CONCLUSION

For the aforementioned reasons, it is **ORDERED AND JUDGED** as follows:

1. Movant Alms' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (Doc. 19) is **GRANTED**;

2. The remaining Movants' Motions (Docs. 15, 16, 21) are **DENIED**;

3. Movant Alms is appointed and designated as lead Plaintiff in this case;

4. The law firm of Faruqi & Faruqi, LLP is approved as lead counsel for the lead plaintiff with the law firm of Schlesinger Law Offices, P.A. to serve as liaison counsel for the putative Class; and

5. The briefing schedule set by the Court continues to be operative. (*See* Doc. 12).

**DONE AND ORDERED** in Orlando, Florida on August 29, 2023.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties