IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN ALMS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> LUMINAR TECHNOLOGIES, INC., MIKE MCAULIFFE, AUSTIN RUSSELL, and JASON EICHENHOLZ, <br><br> Defendants. | Case No.:  6:23-cv-982-PGB-LHP <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

Lead Plaintiff John Alms ("Plaintiff") respectfully submits this Memorandum of Law in response to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Amended Complaint (ECF No. 48) ("Request for Judicial Notice" or "RJN").

Defendants seek to introduce various documents, through a Request for Judicial Notice and a declaration from Defendants' counsel[1] including:

- Luminar Technologies, Inc.'s ("Luminar") Form 10-K filed with the Securities and Exchange Commission on February 28, 2023 (Motion to Dismiss ("MTD") Ex. A);

---

[1] The Declaration of John M. Brennan Jr. in Support of Defendants' Motion to Dismiss Amended Class Action Complaint ("Brennan Declaration"). ECF No. 47.

1

- Luminar's February 28, 2023 "Investor's Day" PowerPoint Presentation, following the replacement of Lidwave's PIC with Luminar's own PIC (MTD Ex. B);

- Luminar's Letter to its Shareholders dated March 24, 2023 (MTD Ex. C); and

- A Certified Transcript of a portion of Luminar's February 28, 2023 "Investor's Day" Presentation (MTD Ex. D).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts are precluded from considering evidence extrinsic to the complaint unless (1) the document is incorporated by reference, or (2) the fact is subject to judicial notice pursuant to Fed. R. Evid. 201. If the court goes beyond these restrictions, it must convert the 12(b)(6) motion into a Fed. R. Civ. P. 56 motion for summary judgment, and it must give the nonmoving party an opportunity to present all the material that is pertinent to the motion. *See* Fed. R. Civ. P. 12(d).

A court may ***not*** "accept . . . statements in [a document] as true" or draw "inferences based on communications described in [a document], or based on the [document's] conclusion," rather, "a court may only consider such documents for their contents, not for the truths of the matters asserted." *Miller v. Dyadic Int'l, Inc.*, 2008 WL 5070279, at \*8-9 (S.D. Fla.

2

Nov. 25, 2008). Even when a court does consider extraneous documents or adjudicative facts on a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

In light of the foregoing points, Plaintiff does not object to the Court considering Defendants' proposed Exhibits A through D, introduced in the RJN and Brennan Declaration, for the limited purpose of ascertaining what they say but not for the truth of the matters asserted therein. *See Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999) ("Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents") (internal quotation marks omitted).

Dated: February 27, 2024                    Respectfully submitted,


By: */s/ Jeffrey L. Haberman*
      Jonathan R. Gdanski (FL. Bar No. 32097)
      Jeffrey L. Haberman (FL. Bar No. 98522)

**SCHLESINGER LAW OFFICES, P.A.**
1212 Southeast Third Avenue
Fort Lauderdale, FL 33316
Telephone: 954-467-8800

3

Email:
Jonathan@schlesingerlawoffices.com
JHaberman@schlesingerlawoffices.com

*Liaison Counsel for Lead Plaintiff*
**FARUQI & FARUQI, LLP**
James M. Wilson, Jr. (admitted pro hac vice)
Robert W. Killorin (admitted pro hac vice)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com
        rkillorin@faruqilaw.com

*Lead Counsel for Lead Plaintiff*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

By: */s/ Jeffrey L. Haberman*
Jeffrey L. Haberman
(FL. Bar No. 98522)