UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISIION

|  |  |
|---|---|
| JOHN ALMS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUMINAR TECHNOLOGIES, INC., MIKE MCAULIFFE, AUSTIN RUSSELL, and JASON EICHENHOLZ,<br><br>Defendants. | Case No. 6:23-cv-00982-PGB-LHP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

## I.   INTRODUCTION[1]

Plaintiff's Complaint fails to satisfy the stringent pleading requirements of the PSLRA. As Defendants' Motion demonstrates, the Complaint does not allege particularized facts establishing a false or misleading statement, let alone facts creating a "strong inference" that any Defendant acted with scienter. Plaintiff's brief in opposition ("Opposition" or "Opp.") cannot rebut that demonstration and confirms that the Complaint should be dismissed in its entirety.

## II.   ARGUMENT

### A.   The Challenged Statements Are Not Misleading

The Motion demonstrates four independent reasons why the Challenged Statements are not misleading, *see* Mot. at 14-17, none of which Plaintiff meaningfully disputes. *First*, the Challenged Statements are block-quoted in long

---

[1] All defined terms are taken from Defendants' Motion to Dismiss ("Motion" or "Mot.").

1

paragraphs without identifying the specific portions alleged to be misleading, in violation of the PSLRA. *Id.* at 14. Plaintiff says that Defendants managed to figure out which portions are at issue, *see* Opp. at 6, yet his Opposition now argues that ***different*** portions of the block quotes are misleading, *id.* at 11, 13. Plaintiff cannot have it both ways. The fact that Defendants are forced to attack a moving target shows that the Challenged Statements are puzzle-pled in violation of the PSLRA.

***Second***, while Plaintiff alleges that the Challenged Statements are rendered misleading by the failure to disclose that (i) Luminar's PIC chip was "apparently far less sophisticated" looking than its competitor's chip, and (ii) the Challenged Image was not an image of Luminar's actual PIC chip, *see* Compl. ¶ 66, the Challenged Statements do not refer to Luminar's PIC chip in any way, and the Challenged Image itself conveys nothing about the capabilities of Luminar's PIC chip. As a matter of law, therefore, the alleged omissions could not have rendered the Challenged Statements false or misleading. Simply put, "[a] plaintiff fails to adequately plead falsity under the PSLRA when 'the reasons Plaintiffs offer as to why the statements are false or misleading bear no connection to the substance of the statements themselves.'" *Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019).[2]

---

[2] The stark mismatch between the Challenged Statements and the alleged reasons for their falsity, *see* Mot. at 14-15, is aptly demonstrated by Plaintiff's Opposition. For example, Plaintiff asserts that the statement "Luminar's strategy to bring these advanced…chip technologies in-house has enabled its unmatched lidar performance" (Compl. ¶ 63) was "misleading because [it] omitted that Luminar's PIC appeared less sophisticated in design and function than its rival and that [Luminar] relied on a pirated image of a competitor's chip…." Opp. at 12.  That makes ***no*** sense.

Moreover, even if Plaintiff's allegedly omitted "facts" were true, they would not be inconsistent with anything conveyed in the Challenged Statements, providing yet another reason why the Challenged Statements could not have been rendered false or misleading. *See* Mot. at 15-16 (citing *Meide v. Pulse Evolution Corp.*, 2020 WL 5350325, at *15 (M.D. Fla. Sept. 4, 2020)).

Plaintiff argues that "it is irrelevant that Defendants did not explicitly refer to PICs when making the statements because referring to, for example, 'key technologies' necessarily includes Luminar's PIC." Opp. at 13. But Plaintiff does not, and cannot, explain how the referenced statement—the "development of these key technologies gives us a significant advantage in the development of our product roadmap"—is rendered false or misleading by Luminar supposedly having a PIC chip that "***apparently***" ***looks*** "less sophisticated" than a competitor's chip, or by using an incorrect photo of a PIC chip. *See* Compl. ¶¶ 64, 66.

***Third***, Plaintiff does not allege ***any*** facts showing that Luminar's PIC chip was, in fact, "less sophisticated" than its competitor's chip. *See* Mot. at 15-16. Plaintiff concedes as much, admitting "that is not [his] case," and that he is merely alleging that the image of the competitor's chip "***appears*** to be much more sophisticated." Opp at 10 (emphasis added). But Plaintiff's conclusory lay ***opinion*** about the purported ***visual appearance*** of Luminar's PIC cannot substitute for the particularized ***facts*** required by the PSLRA regarding the ***actual capabilities*** of the

3

chip. *See* Mot. at 16. As a matter of law, "opinions cannot substitute for facts under the PSLRA." *City of Atlanta Police Officers' Pension Plan v. Celsius Holdings, Inc.*, 2023 WL 1998174, at *10 (S.D. Fla. Feb. 13, 2023). Further, Plaintiff does not—and cannot—explain how the comparative *appearance* of Luminar's PIC chip could render general statements about Luminar's business and technology misleading. A PIC chip is an *internal* component of a Lidar system. *See* Ex. B at 86.[3] The notion that the functionality or sophistication of Luminar's PIC chip can be measured by its visual appearance is absurd.

*Fourth*, the Challenged Statements are largely non-actionable corporate optimism or puffery. *See* Mot. at 17. Plaintiff argues that the Challenged Statements are actionable because, when understood in context, "a reasonable investor would have relied upon them to conclude that LS had advanced technology capable of scaling its LiDAR." Opp. at 11, 13. But even if that were true—and it is not, as confirmed by the voluminous caselaw cited in the Motion holding that similar statements are legally inactionable, *see* Mot. 17 & n.5—there are *zero* facts alleged to show that Luminar did *not* have the technology to scale its Lidar system at the time the Challenged Statements were made. *See* Mot. at 16.

### B.    The Challenged Image Is Not Misleading

Plaintiff argues that the Challenged Image "was false when presented because

---

[3] All references to "Ex. B" are to the Declaration of John M. Brennan, Jr. in support of Defendants' Motion.

it passed off Lidwave's PIC as Luminar's own." Opp. at 7. But as the Motion explains, the Challenged Image was not "passed off" as Luminar's proprietary PIC chip, and no one represented it as such. To the contrary, the Challenged Image was labelled "Photonic Integrated Circuits," one of four generic types of technologies or "Common Platforms" that LS develops and markets. *See* Mot. at 17-18. Plaintiff argues that "there is no indication in the slides . . . that any of these images were meant to be a generic representation of the type of technology Luminar manufactured," Opp. at 9, but all four of the photos on the Common Platforms slide are labeled with generic names, and two of them show computer chips ***next to a coin***, for scale purposes, and are plainly stock photos, *see* Ex. B at 86. Two of the photos are also used elsewhere in the presentation deck, again to illustrate a generic ***type*** of technology, ***not*** a Luminar product. *Compare* Ex. B at 86, *with id.* at 57, 85. And Plaintiff does not—and cannot—dispute that in each instance where Luminar's ***actual*** products were pictured, ***they were labeled as such***. *See* Ex. B at 30-31, 47-49, 77-79, 95-97, 99, 102.

Plaintiff also argues that even though the Challenged Image is not labelled as Luminar's PIC chip, because it was presented on Luminar Day, as part of a discussion of Luminar's business, "no reasonable investor would think that the PIC was someone else's." Opp. at 8. But the presentation deck contains nearly ***forty photos of generic products***, *see, e.g.*, Ex. B at 17, 38, 45, 52, 57, 85, 88, 89, many

5

of which—cars, helicopters, satellites—were obviously not manufactured by Luminar, and yet Plaintiff does not allege any of those other generic images are misleading. For the same reason those other generic photos are not misleading to a reasonable investor, so too is the Challenged Image not misleading.

### C.    Plaintiff Fails To Plead A "Strong Inference" Of Scienter

Plaintiff also fails to allege specific facts creating a "strong inference" that any Defendant acted with scienter, or fraudulent intent. *See* Mot. at 19-24.

Plaintiff does not dispute that his scienter allegations are founded exclusively on the Challenged Image, and that he makes no attempt to plead any Defendant's scienter as to the Challenged Statements. *See* Mot. at 19-20. Indeed, the Complaint does not plead a *single* fact about any Defendant's knowledge regarding the truth or falsity of any of the Challenged Statements regarding the capabilities of Luminar's technology. That alone means that Plaintiff's claim, to the extent it is based on the Challenged Statements, fails. *See FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (scienter "must be alleged" as "to each alleged violation"); *Cambridge Ret. Sys. v. MEDNAX, Inc.*, 2019 WL 4893029, at \*21 (S.D. Fla. Oct. 3, 2019) ("Plaintiff's scienter allegations fail at the threshold . . . for failing to sufficiently set forth factual allegations demonstrating scienter as to each allegedly false or misleading statement").

With respect to the Challenged Image, Plaintiff concedes that there are no

6

allegations to show that any Defendant possessed an "intent to deceive, manipulate, or defraud," but maintains that Defendants were "severely reckless" for not realizing that the Challenged Image was not Luminar's PIC chip. *See* Opp. at 14. As Plaintiff would have it, severe recklessness can be established simply by showing that Defendants "at least had access to, Luminar's PIC and what it looked like." *Id.* at 14-15 (citing *In re Sci. Atlanta, Inc. Sec. Litig.*, 754 F. Supp. 2d 1339, 1360 (N.D. Ga. 2010)). This argument fails for three reasons.

***First***, simply possessing contradictory information is not enough to plead scienter under a severe recklessness theory. Rather, a defendant's "omissions are severely reckless if they involve an ***extreme departure*** from the standards of ordinary care" and present "***a danger of misleading***" investors that "is either known to the defendant or is ***so obvious*** that the defendant must have been aware of it." *Sci. Atlanta*, 754 F. Supp. 2d at 1360 (emphases added). If, as Plaintiff argues, there is a question of fact as to whether the Challenged Image might have been interpreted by investors as depicting Luminar's PIC chip, *see* Opp. at 2, then that necessarily means that the danger of misleading investors in that regard was plainly ***not*** "so obvious" that Defendants ***must*** have been aware of it, *see* Mot. at 21; *In re Equifax Inc. Sec. Litig.* 357 F. Supp. 3d 1189, 1237 (N.D. Ga. 2019) (possessing contradictory information not enough to show that "risk of misleading investors was so obvious that the Defendants must have been aware of it").

7

***Second***, there are no facts alleged to show that any Defendant knew at the time that the Challenge Image was not Luminar's chip. Mot. at 21. Plaintiff argues that because Defendants "necessarily" had access to Luminar's PIC chip, spoke about Luminar's technology generally, signed Luminar's public filings, and/or were "necessarily involved" in preparing the Luminar Day presentation, they ***must have known*** what Luminar's PIC chip looked like, and could readily differentiate it from another chip. *See* Opp. at 15-16. But conclusory allegations like those cannot be used to satisfy the PSLRA, *see* Mot. at 22, and there are "no particular allegations that indicate [any] Defendant['s] ***direct*** or ***actual*** awareness" that the Challenged Image was not of Luminar's chip, *see Hattaway v. Apyx Med. Corp.*, 2023 WL 4030465, at *13 (M.D. Fla. June 15, 2023) (emphases added).

Plaintiff tries to overcome those flaws by arguing that Defendants' knowledge of an internal component's appearance can be ***assumed*** based on "their titles and responsibilities" and the "core operations" theory. *See* Opp. at 16-18. But as the Motion explains, pleading by position and the "core operations" theory do not establish scienter absent specific facts to show that a Defendant was actually informed about the allegedly misleading image. *See* Mot. at 22-23.[4] Inasmuch as

---

[4] Plaintiff cites *In re Amgen Inc. Sec. Litig.*, 2014 WL 12585809 (C.D. Cal. Aug. 4, 2014) to support his core operations argument, but in that case, unlike here, the plaintiff alleged specific facts "linking specific reports [about adverse data]…to the executives." *Id.* at *12; *see also Dresner v. Silverback Therapeutics, Inc.*, 2022 WL 16716165, at * 12 (W.D. Wash. Nov. 4, 2022) (distinguishing *Amgen* on grounds that plaintiff "put forth no evidence suggesting that Defendants were on notice of [adverse information] that contradicted their public statements at the time those statements were made."). *Amgen* also concerned adverse

8

Plaintiff *concludes* that "Defendants *necessarily* knew . . . that the PIC on the Slide did not belong to Luminar," Opp. at 17, he effectively admits that there are no specific facts alleged to show their actual knowledge of falsity.

*Third*, and most importantly, the PSLRA's required "holistic" scienter analysis confirms that the innocent explanation for the Challenged Image—that a member of Luminar's investor presentation team included the Challenged Image in the presentation merely to give a visual illustration of a generic type of chip technology—is *far* more compelling than any inference of fraud. *See* Mot. at 24-25. Plaintiff argues (but does not allege in his Complaint) that Defendants had a motive to defraud because "Luminar had been losing money since it went public," Opp. at 4, but Plaintiff concedes that Luminar's revenues grew by nearly 30% in the year before the Class Period, Compl. ¶ 3. And Plaintiff cannot explain how inserting a single allegedly misleading thumbnail photo in a 165-page presentation (and never speaking about it) could somehow profit the Company. Plaintiff also argues that "evidence of concealment is strongly indicative of scienter." Opp. at 20 (citing *Brown v. China Integrated Energy, Inc.*, 875 F. Supp. 2d 1096 (C.D. Cal. 2012)). But Plaintiff does not allege any specific facts "concerning [any] defendant's efforts to conceal" the truth about the Challenged Image. *See Brown*, 875 F. Supp. 2d at 1124. To the contrary, when alerted to the image, the Company promptly replaced

information that could put "$4.1 billion in worldwide sales" in jeopardy, not the "minute piece of data" at issue here. 2014 WL 12585809, at *11-12.

the Challenged Image and notified the public of the change. *See* Mot. at 8. Those facts speak ***against*** any inference of scienter. *See, e.g.*, *In re GeoPharma, Inc. Sec. Litig.*, 411 F. Supp. 2d 434, 448 (S.D.N.Y. 2006) (fact that defendant "promptly issued a new press release . . . once the confusion caused by [the original disclosure] became apparent" undermined any inference of scienter).

At bottom, Plaintiff's theory of fraud is not even plausible, much less "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S 308, 314 (2007). According to the Complaint, despite lacking any financial motive, Defendants nonetheless sought to defraud investors by inserting a single misleading thumbnail image in a 165-page presentation, without once touting or even mentioning the image, even though the alleged falsity of the photo would readily be exposed. Plaintiff's claim makes ***no*** sense, and "the PSLRA neither allows nor requires [the Court] to check [its] disbelief at the door." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020). Simply put, the implausibility of the alleged fraud here negates any inference that Defendants knew or recklessly disregarded that the Challenged Image was (allegedly) misleading. *See Police & Fire Ret. Sys. of City of Detroit v. Axogen, Inc.*, 2020 WL 13547449, at *18 (M.D. Fla. Apr. 21, 2020).

## III.   CONCLUSION

Pursuant to the PSLRA, the Complaint should be dismissed.

10

Dated: March 28, 2024

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
Telephone: 407-843-8880
Fax: 407-244-5690
jack.brennan@gray-robinson.com

– and –

JAMES N. KRAMER (admitted *pro hac vice*)
California Bar No. 154709
ALEXANDER K. TALARIDES (admitted *pro hac vice*)
California Bar No. 268068
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Fax: 415-773-5759
jkramer@orrick.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.

11