UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISIION

| | |
|---|---|
| JOHN ALMS, Individually and on Behalf of All Others Similarly Situated, Plaintiff, v. LUMINAR TECHNOLOGIES, INC., MIKE MCAULIFFE, AUSTIN RUSSELL, and JASON EICHENHOLZ, Defendants | Case No. 6:23-cv-00982-JSS-LHP **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Plaintiff's Opposition to the Motion to Dismiss (ECF No. 68, the "Opposition" or "Opp.") raises new arguments—supported by inapposite authorities—that are not alleged in the SAC.[1] As discussed below, none of them can save Plaintiff's claims.

First, the Opposition argues that Luminar's use of a 2019 photo of its PIC in the 2023 Luminar Day presentation demonstrates that "Luminar had not made meaningful progress towards technological feasibility" since 2019, and that the alleged misstatements regarding Luminar's technology were therefore actionably misleading. Opp. at 7-8, 12. As Plaintiff would now have it, it was *the age of the photo* that "revealed the *true state* of Luminar's PIC, causing the stock to drop." *Id.* at 8 (emphasis added). But the SAC does not allege that the age of the photo has any bearing on the purported

---

[1] All defined terms are taken from Defendants' Motion to Dismiss the SAC (ECF No. 66, the "Motion"), and "Ex." refers the exhibits attached to the Declaration of John M. Brennan, Jr. in Support of the Motion.

1

falsity of the Challenged Statements, and Plaintiff cannot use the Opposition to amend the SAC. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011). Moreover, Luminar's use of a 2019 photo of its PIC did not reveal the Company was failing to make "progress towards technological feasibility," as Plaintiff claims. In fact, as the Court has recognized, that image had long been "a matter of public record," Order at 17, and thus did not communicate any new information to the market.[2] And even if the 2019 image of Luminar's PIC had somehow revealed that the technology was not "feasible," as Plaintiff insists, "none of the [Challenged] statements mention the PIC chip," *id.* at 11 n.5, and thus would not have been inconsistent with that alleged "truth" in any event, s*ee* Mot. at 11 (citing *Meide v. Pulse Evolution Corp.*, 2020 WL 5350325, at *15 (M.D. Fla. Sept. 4, 2020) (no falsity absent "facts showing how or why the statements were false or otherwise inconsistent with" the alleged truth)).

Second, the Opposition argues that Mr. McAuliffe's reference to "complexity in cabling" was misleading because the picture of Luminar's PIC "feature[ed] prominent cables that were not in alignment." Opp. at 10 (citing SAC ¶ 96). But the SAC does not emphasize the words "complexity in cabling" in the block-quoted statement cited in SAC ¶ 96, or otherwise suggest that Plaintiff is challenging them as misleading, s*ee* Mot. at 10 (cases on improper puzzle pleading). And Mr. McAuliffe was not even speaking about Luminar's PIC, *see* Order at 11 n.5, but about Luminar's

---

[2] Furthermore, while Plaintiff claims that the image of "Luminar's 2019 PIC" revealed the "true state of Luminar's PIC," Opp. at 8, he does not allege that the photo was not still current, or that Luminar's 2023 PIC looked or operated any differently.

2

Lidar technology, so his statements would not be inconsistent with the image in any event. Nor are there any *facts* alleged to show that there are any "cables" in the image of Luminar's tiny PIC, let alone that they are somehow "not in alignment."

Third, the Opposition insists that Luminar Day was "an event necessarily designed to elicit investments," Opp. at 18, and establishes "Luminar's need to raise money," *id.* at 19. But Plaintiff alleges zero facts to show that Luminar tried to "elicit investments," needed to raise money or was contemplating a securities offering. And for good reason: Luminar was already publicly traded. *See* Order at 1. Any investment in Luminar around the time of Luminar Day would have been through purchases of stock from third parties on the secondary market, and not from the Company directly.

Fourth, the Opposition cites several new authorities that are inapposite. For example, Plaintiff cites *Bellocco v. Curd*, 2005 WL 2675022, at *3 (M.D. Fla. Oct. 20, 2005) to argue that Defendants' "statements regarding progress in developing and producing" the PIC were misleading because Luminar was "incapable of commercial production" of the PIC pictured in the Challenged Image. Opp. at 10. But while plaintiffs in *Bellocco* challenged statements that "touted" defendants' ability to develop certain technology, "none of the [challenged] statements [here] mention the PIC chip" at all, Order at 11 n.5, let alone "tout" Luminar's ability to develop PICs, and thus could not have been misleading in that regard. Nor are there any specific facts alleged to show that the PIC in the Challenged Image was functionally superior to Luminar's PIC, or that Luminar was "incapable" of making such a PIC. *See* Mot. at 15.

Plaintiff further cites *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr.*

4159-1430-1011.2

*Fund v. Allscripts-Misys Healthcare Solutions, Inc.,* 778 F. Supp. 2d 858, 879 (N.D. Ill. 2011) to argue that when the Challenged Image is viewed "in context," it "demonstrates the scalability that McAuliffe falsely claimed to have—it is small, thin, and appears advanced." Opp. at 11. In that case, however, the court held that the "facts alleged [were] sufficient to support a reasonable belief as to the misleading nature of the [challenged] statement[s]." *Allscripts-Misys*, 778 F. Supp. 2d at 879. By contrast, Plaintiff here "leaves unexplained how the [Challenged Image] communicated to investors any impression" about the chip's real-world capabilities, let alone a misleading impression. Order at 14. Moreover, as the Motion shows, Plaintiff's speculative opinions about how the image "appears" do not satisfy the pleading burdens of the PSLRA. *See* Mot. at 15 (citing *City of Atlanta Police Officers' Pension Plan v. Celsius Holdings, Inc.*, 2023 WL 1998174, at *10 (S.D. Fla. Feb. 13, 2023) ("[O]pinions cannot substitute for facts under the PSLRA." (citation omitted)).

Plaintiff also cites *Janus Cap. Grp. v. First Derivative Traders*, 564 U.S. 135, 142-43 (2011) to argue that "[b]y presenting the slide" with the Challenged Image on it, Mr. McAuliffe "is deemed its 'maker' for the purposes of §10(b) liability." Opp. at 14. But *Janus* holds that "[o]ne 'makes' a statement by stating it," 546 U.S. at 142, and Mr. McAuliffe never referenced or referred to the Challenged Image in his presentation, *see* Order at 11, n.5. Plaintiff also does not, and cannot, allege facts to "to support a finding that [Mr. McAuliffe] had 'ultimate authority' or 'control' over" the Luminar Day presentation, such that he could otherwise be deemed the Challenged Image's "maker." *Janus*, 546 U.S. at 142. Indeed, as the Court previously

4

recognized, Plaintiff "never identifies who prepared the slide." Order at 17. At most, Plaintiff speculates that McAuliffe was "necessarily involved" in making the slide, and was "necessarily familiar with Luminar's PIC," Opp. at 15, but, again, speculation does not satisfy the PSLRA. And, in any event, the Supreme Court in *Janus* squarely rejected the argument that one is the "maker" of a statement simply because he or she "was significantly involved in preparing" it. 564 U.S. at 147-48.

Finally, Plaintiff cites *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 532 F. Supp. 3d 189, 237-38 (E.D. Pa. 2021) to argue that "it is implausible that placing Lidwave's image in the presentation could be completed without the involvement of any upper management officials." Opp. at 15. But in sharp contrast to *Energy Transfer*, there are no facts alleged here to show that the Individual Defendants were "personally engaged in the details of the project," such that their knowledge of the incorrect image could be assumed. 532 F. Supp. at 237.

Dated: September 24, 2024

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
john.brennan@gray-robinson.com

JAMES N. KRAMER (admitted *pro hac vice*)
California Bar No. 154709
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669
*Counsel for Defendants*

5

4159-1430-1011.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.

4159-1430-1011.2