UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| JOHN ALMS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LUMINAR TECHNOLOGIES, INC., and MIKE MCAULIFFE,<br><br>    Defendants. | Case No. 6:23-cv-00982-JSS-LHP<br><br>**DEFENDANTS' MOTION TO STRIKE EXPERT REPORT OF MICHAEL LEBBY, Ph.D. AND REFERENCES THERETO IN THE THIRD AMENDED COMPLAINT** |

## I. INTRODUCTION

Plaintiff attaches the report of a purported expert, Dr. Michael Lebby ("Lebby"), as an exhibit to his Third Amended Complaint ("TAC"). *See* ECF No. 78-1 ("Lebby Report"). But expert reports do not qualify as a written instrument under Federal Rule of Civil Procedure 10(c), and thus are not part of any pleadings that may be considered on a motion to dismiss. And for good reason too—the Lebby Report invites a litany of admissibility issues that are inappropriate for the Court to consider at the pleading stage. The Court should follow the great weight of authority and strike the Lebby Report on these grounds alone.

Procedural defects aside, the Lebby Report and Lebby's opinions cited in the TAC are also immaterial to whether Plaintiff has stated a claim for securities fraud. The sufficiency of a pleading depends on the *facts* alleged and, as numerous courts have recognized, the opinions of "experts" cannot stand in for facts under the Private

1

Securities Litigation Reform Act of 1995 ("PSLRA"). The Court should use its authority under Federal Rule of Civil Procedure 12(f) to strike the Lebby Report and any portions of the TAC that cite or rely on Lebby's opinions for this reason as well.

## II.    BACKGROUND

In dismissing Plaintiff's prior two complaints, the Court held that Plaintiff failed to plead the materiality of a thumbnail image of a photonic integrated circuit ("PIC") chip that appeared once in a 165-page Luminar investor day presentation ("Challenged Image"). *See* ECF No. 75 ("*Second Dismissal Order*") at 11-15; ECF No. 55 at 13-15. The Court held that the Challenged Image, which "obfuscates visible details of the chip's architecture," ECF No. 55 at 14, was immaterial because "it does not convey anything about the capabilities of Luminar's product," *Second Dismissal Order* at 12-13. The Court determined that "Plaintiff provides no basis to believe a reasonable investor would have been affected if Luminar had placed the photograph of its PIC chip on the presentation slide initially," and that Plaintiff's conclusory allegations of materiality "fail[ed] to provide the 'factual specificity' required to satisfy the PSLRA's rigorous pleading standards." *Id.* at 14. The Court also independently dismissed Plaintiff's claims for failure to plead scienter. *Id.* at 18-25.

In his third attempt to state a claim, Plaintiff relies on the paid-for opinions of Lebby. Plaintiff engaged Lebby, a purported expert "in photonic integrated circuits," TAC ¶ 108, "to opine on what would have been apparent to a knowledgeable investor attending Luminar Investor Day regarding the [Challenged Image] . . . and contrast that to what was apparent in the replacement image which was [later] substituted,"

2

Lebby Report ¶ 28. Despite admitting that he relied "upon a very limited amount of facts and data (actually only 3 images and no access to the technology at all)," *id.* ¶ 29, and that the Challenged Image's "image resolution is not at the level where each photonic component can be accurately assessed," *id.* ¶ 32, Lebby opines that the Challenged Image "demonstrates a high degree of sophistication and integration that could greatly lower the cost of manufacturing and performance" of end devices, *id.* ¶ 36. Lebby then concludes, based on no facts or analysis, that "knowledgeable investors attending Luminar Investor Day would have recognized this feature and have been led to believe that Luminar was indeed succeeding in developing cutting edge PIC chips." *Id.* Plaintiff attaches the Lebby Report to the TAC, adopts "[a]ll of Dr. Lebby's statements and conclusions . . . as allegations," TAC ¶ 108, and references or copies verbatim those statements and conclusions, *see id.* ¶¶ 3, 22-23, 28, 109-128, 134.

## III.    LEGAL STANDARD

Courts may "strike from a pleading" "any redundant, immaterial [or] impertinent" matter. Fed. R. Civ. P. 12(f). Courts have "broad discretion when considering a motion to strike," *Williams v. Eckerd Fam. Youth Alt.*, 903 F. Supp. 1515, 1517 (M.D. Fla. 1995), the purpose of which "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters," *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (citation omitted).

## IV.    ARGUMENT

### A.    The Court Should Strike the Lebby Report

The TAC's attachment of the Lebby Report is procedurally improper and

irrelevant to this stage of the litigation. Courts routinely strike expert reports, affidavits, or declarations attached to a complaint and refuse to consider their contents in connection with a motion to dismiss. *See, e.g.*, *Meeks v. Murphy Auto Grp., Inc.*, 2009 WL 3669638, at *1 (M.D. Fla. Oct. 30, 2009); *Mazzeo v. Nature's Bounty, Inc.*, 2015 WL 1268271, at *3 (S.D. Fla. Mar. 19, 2015); *Fin. Acquisition Partners, LP v. Blackwell*, 2004 WL 2203253, at *4-5 (N.D. Tex. Sept. 29, 2004), *aff'd*, 440 F.3d 278 (5th Cir. 2006); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1219-22 (S.D. Cal. 2001); *see also* *Niagara Distribs., Inc. v. N. Ins. Co. of New York*, 2011 WL 13096635, at *3 (S.D. Fla. Jan. 8, 2011) (refusing to consider expert affidavit in ruling on a motion to dismiss).

Courts have held that it is particularly appropriate to strike expert reports, affidavits, or declarations where, as here, the complaint is subject to the PSLRA's rigorous pleading standards. *See, e.g.*, *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) ("PSLRA complaints must allege specific facts . . . [and expert] opinions cannot substitute for facts under the PSLRA."); *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 223-24 (S.D.N.Y. 2018) (striking expert declaration because "opinions cannot substitute for facts under the [PSLRA]"); *In re Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 454 (D. Md. 2019) (striking expert declarations because "opinions cannot substitute for facts under the PSLRA").

First, expert reports or affidavits are not part of the pleadings and thus cannot be considered on a motion to dismiss. Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "However, courts have routinely

rejected affidavits as qualifying as a 'written instrument' under Rule 10(c)." *Niagara*, 2011 WL 13096635, at *2 (collecting cases). This is because a "written instrument" under Rule 10(c) is limited to "contracts, notes, and other 'writings on which a party's action or defense is based,'" and not "lengthy exhibits containing evidentiary materials." *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (cleaned up). The Lebby Report plainly is evidentiary material. *See DeMarco*, 149 F. Supp. 2d at 1220 (expert affidavit "clearly . . . is merely a piece of evidentiary matter that does not exist independently of the complaint"); *Yuan v. Facebook, Inc.*, 2021 WL 4503105, at *2 (N.D. Cal. Sept. 30, 2021) (collecting cases).[1] "[T]o hold otherwise would blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted." *Niagara*, 2011 WL 13096635, at *3 (cleaned up).

Second, the problems with considering an affidavit at the pleading stage "carry additional weight in the context of federal securities litigation and when the affidavit comes from a purported expert." *DeMarco*, 149 F. Supp. 2d at 1221. "[A]llowing plaintiffs to rely on an expert's opinion in order to state securities claims requires a court to 'confront a myriad of complex evidentiary issues not generally capable of resolution at the pleading stage.'" *Blackwell*, 440 F.3d at 285-86 (citation omitted). "In addition, considering such opinions might require ruling on the expert's

---

[1] For these same reasons, courts will also refuse to consider expert reports, affidavits, or declarations under the incorporation-by-reference doctrine. *See, e.g.*, *Chipotle*, 294 F. Supp. 3d at 224 ("[T]he Donnelly Declaration was drafted *for the purpose of this litigation*; Plaintiffs therefore could not have relied on its terms while drafting their complaint." (italics in original)); *Under Armour*, 409 F. Supp. 3d at 455 (expert declarations "do not form the basis of the complaint, are not integral to the complaint, and this Court will not refer to them as a substitution for its own analysis").

qualifications," which "would be inappropriate at the pleading stage." *Id.* at 286.

Indeed, Rule 702 of the Federal Rules of Evidence would require the Court to ensure that Lebby's testimony is reliable under the factors established in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).[2] "[A] complete evaluation of [these] factors would likely require a deposition of [Lebby] and a subsequent *Daubert* hearing to determine the admissibility of his affidavit." *DeMarco*, 149 F. Supp. 2d at 1221. But such "additional proceedings would be improper at the pleading stage of any civil case, and would likely run afoul of the discovery stay imposed by the [PSLRA]." *Id.*; *see also Meeks*, 2009 WL 3669638, at *1 (expert opinions are "unnecessary and inappropriate for the court's consideration at this [motion to dismiss] stage"); *Chipotle*, 294 F. Supp. 3d at 224 ("[E]videntiary uncertainty is a primary reason why courts have refused to consider [expert] submissions at the pleadings stage.").

Finally, the Lebby Report is immaterial to the sufficiency of Plaintiff's allegations. At Plaintiff's behest, Lebby provides his ultimate opinion that "knowledgeable investors" would have been misled by the Challenged Image. Lebby Report ¶ 36. But even setting aside the litany of admissibility issues with this opinion,

---

[2] The admissibility issues with the Lebby Report are myriad. To state a few, Lebby, a purported expert "in photonic integrated circuits," TAC ¶ 108, is not qualified to give an opinion on *investor knowledge*, nor does he provide *any* methodology—much less a reliable one based on facts or data—to support his conclusions about what Luminar's investors supposedly believed, *see United States v. Frazier*, 387 F.3d 1244, 1265 (11th Cir. 2004) ("[T]he court's gatekeeping function requires more than simply 'taking the expert's word for it.'" (citation omitted)). Nor is it permissible for Lebby to "speculat[e] into [Luminar's] market participants' state of mind." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 577 (S.D.N.Y. 2017); *see also In re Bristol-Myers Squibb Co. CVR Sec. Litig.*, 2024 WL 873436, at *6 (S.D.N.Y. Feb. 29, 2024) ("[I]t is well established that an expert may not opine on the state of mind or knowledge of a party.").

it does nothing to support Plaintiff's allegations of securities fraud because expert "opinions" are "not entitled to the assumption of truth" and "cannot substitute for facts under the PSLRA." *City of Atlanta Police Officers' Pension Plan v. Celsius Holdings, Inc.*, 2023 WL 1998174, at *10 (S.D. Fla. Feb. 13, 2023) (quoting *Blackwell*, 440 F.3d at 286); *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 354 (2d Cir. 2022) ("[O]pinions cannot substitute for facts under the PSLRA." (citation omitted)); *see also Under Armour*, 409 F. Supp. 3d at 454 ("Plaintiffs may not substitute factual allegations with the speculation of their expert witness." (citation omitted)).

As this Court knows, the PSLRA's rigorous pleading standards demand "factual specificity." *Second Dismissal Order* at 14. "Conclusory allegations and speculation carry no additional weight merely because a plaintiff placed them within the affidavit of a retained expert." *DeMarco*, 149 F. Supp. 2d at 1222. And even so, Lebby's speculation into what so-called "**knowledgeable** investors" believed is irrelevant to the question of the Challenge Image's materiality, which is governed by the "**reasonable** investor" standard. *See Second Dismissal Order* at 12-14; *Basic Inc. v. Levinson*, 485 U.S. 224, 236 (1988). It is well-settled that "[o]pinions concerning state of mind are an inappropriate topic for expert opinion," and thus Lebby's "speculation into [] market participants' state of mind" is "impermissible." *MF Glob. Holdings*, 232 F. Supp. 3d at 577; *see also Bristol-Myers Squibb*, 28 F.4th at 351, 354 (expert opinion about what industry participants would have understood could not "rescue" complaint's failure to allege "particularized facts sufficient to state a claim for fraud").

For all these reasons, the Court should strike the Lebby Report.

7

**B.     The Court Should Strike Portions of the TAC That Cite or Rely on Lebby's Opinions**

Beyond attaching the Lebby Report as an exhibit to the TAC, Plaintiff also copies the contents of the Lebby Report into the TAC, *see* TAC ¶¶ 109-128, and quotes or references Lebby's opinions, *see id.* ¶¶ 3, 22-23, 28, 134. But Lebby's untested and speculative opinions are no more proper for the Court's consideration in the TAC itself than as an exhibit. *See, e.g.*, *Bros. v. Saag*, 2014 WL 838890, at *6 (N.D. Ala. Mar. 4, 2014) ("[C]onsidering expert *opinions* at the pleading stage is inappropriate."); *Blackwell*, 440 F.3d at 286 ("[C]onsidering [expert] opinions . . . would be inappropriate at the pleading stage."). Proper pleading requires ***facts*** and, again, "opinions cannot substitute for facts under the PSLRA." *Celsius Holdings*, 2023 WL 1998174, at *10 (quoting *Blackwell*, 440 F.3d at 286); *Bristol-Myers Squibb*, 28 F.4th at 354.

Simply put, because an expert's conclusions are "not entitled to the assumption of truth" and "cannot be considered," *Celsius Holdings*, 2023 WL 1998174, at *10, any paragraphs in a complaint that allege those conclusions are "the proper subject of a motion to strike," *In re Ashworth, Inc. Sec. Litig.*, 2001 WL 37119391, at *3 (S.D. Cal. Dec. 3, 2001); *Koehler v. Litehouse, Inc.*, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) (striking from the complaint references to an expert's "conclusory assertions"); *see also Mazzeo*, 2015 WL 1268271, at *3 (only considering "the expert's *factual* statements that are incorporated in the SAC"); *Blackwell*, 2004 WL 2203253, at *5 (only considering the "nonconclusory, factual portions" of an expert affidavit in a complaint); *Chipotle*, 294 F. Supp. 3d at 224 ("[T]he Court will not, and indeed cannot,

8

consider any conclusory allegations in the SAC based on the [expert] Declaration."); *Yuan*, 2021 WL 4503105, at *3 ("[T]he Court will not consider Dr. Cain's opinions . . . and any other portions of the TAC that rely on those opinions.").

In short, the Court should also reject Plaintiff's efforts to parrot Lebby's conclusory assertions into the TAC and strike the paragraphs that cite or rely on his opinions. *See* TAC ¶¶ 3, 22-23, 28, 114-128, 134.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the Lebby Report and any portions of the TAC that cite or rely on Lebby's opinions.

Dated: February 24, 2025

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
Telephone: 407-843-8880
Fax: 407-244-5690
john.brennan@gray-robinson.com
*Counsel for Defendants*

JAMES N. KRAMER (*pro hac vice*)
California Bar No. 154709
ALEXANDER K. TALARIDES (*pro hac vice*)
California Bar No. 268068
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Fax: 415-773-5759
jkramer@orrick.com
*Counsel for Defendants*

9

## CERTIFICATE OF COMPLIANCE

In compliance with Rule 3.01(g) of the Local Rules of United States District Court, Middle District of Florida, counsel for the Defendants certifies that (1) that they have conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised by this motion, (2) the parties were not able to come to an agreement on the resolution of all or part of the motion and (3) the conference occurred by phone on February 21, 2025.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.