UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| JOHN ALMS, Individually and on Behalf of All Others Similarly Situated, Plaintiff, v. LUMINAR TECHNOLOGIES, INC., and MIKE MCAULIFFE, Defendants. | Case No. 6:23-cv-00982-JSS-LHP **DEFENDANTS' OMNIBUS REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT AND MOTION TO STRIKE EXPERT REPORT** |

Plaintiff's Oppositions to Defendants' Motion to Dismiss (ECF No. 83, the "MTD Opposition" or "MTD Opp.") and Motion to Strike (ECF No. 84, the "MTS Opposition" or "MTS Opp.") advance misguided arguments supported by inapposite authorities. None of them save Plaintiff's claims, and the TAC should be dismissed.[1]

First, Plaintiff argues that Rule 10(c) does not prohibit the attachment of the Lebby Report to the TAC. *See* MTS Opp. at 5 (citing *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 820-21 (C.D. Cal. 2011)). But Plaintiff's out-of-circuit authority has been rejected by courts in the Eleventh Circuit, *see, e.g.*, *Mazzeo v. Nature's Bounty, Inc.*, 2015 WL 1268271, at *3 (S.D. Fla. Mar. 19, 2015), which—like most other courts— follow *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 285-86 (5th Cir. 2006) and *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1219-22 (S.D. Cal. 2001) to hold

---

[1] All defined terms are taken from Defendants' Motion to Dismiss (ECF No. 81, the "MTD") and Motion to Strike (ECF No. 82, the "MTS").

1

that expert affidavits do *not* qualify as "written instruments" under Rule 10(c), *see also Niagara Distributors, Inc. v. N. Ins. Co. of N.Y.*, 2011 WL 13096635, at \*2-3 (S.D. Fla. Jan. 8, 2011); *Bros. v. Saag*, 2014 WL 838890, at \*5-6 (N.D. Ala. Mar. 4, 2014).

Second, Plaintiff contends that concerns about the admissibility of Lebby's opinions should be saved for later, and that his opinions must be accepted as true at the pleading stage. *See* MTS Opp. at 17-18 (citing *In re Resonant Inc. Sec. Litig.*, 2016 WL 6571267, at \*5 (C.D. Cal. July 11, 2016)). This proposition has it backwards, and once again is consistently rejected by courts in this District and elsewhere. *See, e.g., Meeks v. Murphy Auto Grp., Inc.*, 2009 WL 3669638, at \*1 n.2 (M.D. Fla. Oct. 30, 2009) ("I find it is inappropriate to attach an expert report for the court's consideration without testing the sufficiency of same via the procedures set forth in *Daubert*."); *see also* MTS at 5-6 (citing additional cases). As the Supreme Court has made clear, at the pleading stage, only "***factual*** matter[s] [may be] accepted as true," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added), and thus "***opinions cannot substitute for facts under the PSLRA***," *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 354 (2d Cir. 2022) (emphasis added) (quoting *Blackwell*, 440 F.3d at 286).

Third, recognizing the weight of authorities against him, Plaintiff attempts to re-frame the Lebby Report (and the citations thereto in the TAC) not as containing opinions, but rather "fact-based analysis" or, oxymoronically, "factual conclusions." MTS Opp. at 2, 6-8, 13-14. But simply calling Lebby's assertions "factual" does not make it so. Whether explicitly framed as an opinion or not—and some of Lebby's

2

assertions are admittedly opinions, *see* Lebby Report ¶ 36—all of Lebby's analysis is the subjective, speculative, and conclusory assessment of someone with ***no personal knowledge*** of Luminar's technology, *id.* ¶ 29, who admittedly "would need a physical inspection to confirm" his opinions, *id.* ¶ 33. In this Circuit, "[t]his kind of evidence is not entitled to the assumption of truth so it cannot be considered," *City of Atlanta Police Officers' Pension Plan v. Celsius Holdings, Inc.*, 2023 WL 1998174, at *10 (S.D. Fla. Feb. 13, 2023), and Plaintiff's reliance on out-of-circuit authorities does not compel otherwise, *see* MTS Opp. at 5-6, 16-17.

Fourth, Plaintiff argues that "'reasonable investors' are presumed to understand common knowledge," MTD Opp. at 8-9, but fails to explain how Lebby's purportedly ***expert*** opinions on the technical differences between two microscopic chips constitutes "common knowledge," *cf. Tian v. Peloton Interactive, Inc.*, 2025 WL 510043, at *11 (E.D.N.Y. Feb. 14, 2025) (holding that reasonable investors understand the difference between "mandatory" and "voluntary" recalls). In fact, Plaintiff even admits that "a 'reasonable investor' is not a scientific expert." MTD Opp. at 8.

Fifth, Plaintiff contends that his hearsay allegations of what Lidwave's "clients and investors" recognized from the Challenged Image are "permitted at the pleading stage." MTD Opp. at 9 (citing *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000)). But *McKesson* only confirms that such allegations may be credited ***only*** where supported by "numerous factual particulars and [] based on an independent investigative effort," 126 F. Supp. 2d at 1272, none of which Plaintiff

provides here, *see also In re Tupperware Brands Corp. Sec. Litig.*, 2021 WL 6755476, at *3 (M.D. Fla. Aug. 9, 2021) ("The fact that the allegation relies on double hearsay raises questions as to the sufficiency of the allegations of fraud here."). In any event, what *Lidwave*'s investors took from the Challenged Image says nothing about whether *Luminar*'s reasonable investors considered it significant.

Sixth, Plaintiff argues that Mr. McAuliffe was the "maker" of the Challenged Image under *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) because "[t]he slides in which the [] image appeared were explicitly attributed" to him, and he presented over them. MTD Opp. at 12. But the slide with the Challenged Image makes no reference to Mr. McAuliffe at all, and none of Plaintiff's cited authorities make any reference to *Janus*, much less support the novel proposition that an individual can be deemed the "speaker" of "pictorial parts of [a] speech." MTD Opp. at 12 (citing *Prairie Ventures, L.L.C. v. Liotta*, 2017 WL 11630279, at *4, *8 (N.D. Ga. Aug. 3, 2017); *Roberts v. Zuora, Inc.*, 2020 WL 2042244, at *9 (N.D. Cal. Apr. 28, 2020)). And Plaintiff's contention that Mr. McAuliffe had "ultimate authority" over the Challenged Image because he could have corrected it, *see* MTD Opp. at 12, has been rejected by courts, *see, e.g.*, *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1335-36 & n.4 (W.D. Wash. 2019) (rejecting liability under *Janus* where individual had "opportunity to prevent/correct corporate misstatements").

Seventh, in support of his scienter arguments, Plaintiff cites another out-of-circuit case to argue that confidential witness allegations regarding a company's

"common practice" satisfy the PSLRA. MTD Opp. at 16 (citing *Ross v. Career Educ. Corp.*, 2012 WL 5363431, at *4 (N.D. Ill. Oct. 30, 2012)). But the portion of *Ross* that Plaintiff cites discusses *falsity* and says nothing at all about the requirements for pleading scienter. *See* 2012 WL 5363431, at *4. In any event, the decision in *Ross* works against Plaintiff, because it shows the court crediting confidential witnesses' falsity allegations where they specifically allege how the defendants had a common "practice *of manipulating placement rates*." *Id.* at 5. (emphasis added). Here, the only "common practice" CW-1 alleges is how Mr. McAuliffe would "generally" create a presentation, TAC ¶¶ 80-83, and says nothing at all about him ever misrepresenting anything.[2]

Finally, Plaintiff argues that Mr. McAuliffe's purported failure to "correct" the Challenged Image is indicative of his scienter. MTD Opp. at 18 (citing *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 532 F. Supp. 3d 189, 237–38 (E.D. Pa. 2021)). But as the Court has previously recognized, Plaintiff does not allege "facts directly connecting McAuliffe to the inclusion of the image in the slide," Second Dismissal Order at 21, or that he knew the image was incorrect. In any event, the discussion in *Allegheny* cited by Plaintiff addresses the imputation of *corporate* scienter, and says nothing about evaluating an individual's mental state. *See* 532 F. Supp. 3d at 237–38.

---

[2] Plaintiff asserts that "Defendants dispute CW 1's involvement in the presentation because they say CW 1's participation 'through [their] role providing executive assistance' somehow means that CW 1 was not, in fact, involved." MTD Opp. at 16 n.8. Not so. Defendants point out that **CW-1 does not even claim to have been involved in the Luminar Day presentation**, and instead, as Plaintiff admits, only offers generalizations about "how presentations *like* the one for Luminar Day were assembled." *Id.* at 16 (emphasis added).

Dated: March 28, 2025

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
john.brennan@gray-robinson.com

JAMES N. KRAMER (admitted *pro hac vice*)
California Bar No. 154709
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669
jkramer@orrick.com
*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.

7