UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN ALMS,

    Plaintiff,

v.                                                  Case No: 6:23-cv-982-JSS-LHP

LUMINAR TECHNOLOGIES, INC.,
and MIKE MCAULIFFE,

    Defendants.
_____/

## ORDER

This putative class action alleges violations of securities law. (Dkt. 78.) In support of the allegations, Plaintiff attaches an expert report to his third amended complaint, explicitly incorporates the report by reference into the complaint, and refers to and relies on the report within the complaint. (Dkts. 78, 78-1.) The report discusses the expert's background and qualifications, includes the materials that the expert reviewed, presents the expert's analysis and opinion, and generally contains factual assertions and conclusions related to Plaintiff's claims. (Dkt. 78-1.) Pursuant to Federal Rule of Civil Procedure 12(f), Defendants move to strike the report in its entirety, as well as any portions of the complaint that cite to or rely on the opinions set forth in the report. (Dkt. 82; *see* Dkt. 87.) Plaintiff opposes Defendants' motion. (Dkt. 84.) Upon consideration, for the reasons outlined below, the court denies the motion.

Striking pleadings under Rule 12(f) is a matter committed to the court's sound discretion. *See McCorstin v. U.S. Dep't of Lab.*, 630 F.2d 242, 244 (5th Cir. 1980)

(reviewing a Rule 12(f) decision for abuse of discretion). However, courts in this Circuit "generally view motions to strike with disfavor." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) (quotation omitted); *accord Tracfone Wireless, Inc. v. Zip Wireless Prods.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) ("Motions to strike are generally viewed with disfavor and are 'often considered time wasters.'" (quoting *Tingley Sys. Inc. v. Bay State HMO Mgmt. Inc.*, 833 F. Supp. 882, 884 (M.D. Fla. 1993))). As a rule, "[a] motion to strike is 'a drastic remedy to be resorted to only when required for the purposes of justice and should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Stephens v. Tr. for Pub. Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (alterations adopted) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). Accordingly, the standard for striking is "exceedingly high." *In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999).

Defendants advance assorted arguments, supported by various non-binding cases, for their position. (Dkts. 82, 87.) However, chiefly, they maintain that "[c]ourts routinely strike expert reports . . . attached to a complaint" and that it is "particularly appropriate" to do so "where, as here, the complaint is subject to the . . . rigorous pleading standards" of securities law. (Dkt. 82 at 4.) Plaintiff responds with similar authority for opposite propositions. (Dkt. 84 at 2–3, 5–8, 16–17.) *See, e.g.*, *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 694 F. Supp. 2d 1192, 1210 (W.D. Wash. 2009) (finding claims "sufficiently pleaded" when plaintiffs "provided expert data analysis reinforcing" the claims). Defendants further submit that consideration of the

expert report may require a *Daubert*[1] inquiry.  (Dkt. 82 at 5–6.)  In response, Plaintiff notes: "*Daubert* is a rule for the admission of evidence to a trier of fact at later stages of litigation, not for" the pleading stage.  (Dkt. 84 at 17.)

Defendants have not satisfied the "exceedingly high" standard for striking and have not carried their burden as the moving parties to establish that the "drastic remedy" of striking is warranted in this instance.  *See Stephens*, 479 F. Supp. 2d at 1346; *In re Sunbeam*, 89 F. Supp. 2d at 1340.  The court also disagrees that *Daubert* is implicated.  At the pleading stage, courts "are required to accept the facts as set forth in the . . . complaint as true" without evidentiary support.  *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007).  For these reasons, Defendants' motion to strike (Dkt. 82) is **DENIED**.

**ORDERED** in Orlando, Florida, on May 29, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).