UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN ALMS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUMINAR TECHNOLOGIES, INC., and MIKE MCAULIFFE,<br><br>Defendants. | Case No. 6:23-cv-00982-JSS-LHP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Defendants Luminar Technologies, Inc. and Mike McAuliffe (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Third Amended Complaint (the "TAC") by putative Lead Plaintiff John Alms ("Plaintiff").

**RESPONSES TO INDIVIDUAL PARAGRAPHS**

Numbered paragraphs below correspond to the like-numbered paragraphs in the TAC. Except as specifically admitted, Defendants deny the allegations in the TAC, including, without limitation, the Table of Contents, headings, and subheadings contained within the TAC.

**I.    INTRODUCTION**

1.    Defendants admit that Paragraph 1 purports to describe the nature of this action and Plaintiff's claims. Defendants admit that a "Luminar Investor Day" event was held on February 28, 2023. Except to the extent expressly admitted, Defendants

deny the allegations in Paragraph 1.

2.      To the extent the allegations in Paragraph 2 purport to paraphrase or reference statements allegedly made by unnamed "investors and clients" of Lidwave and its CEO, Defendants lack sufficient knowledge and information to respond and, on that basis, deny them. Defendants admit that news articles covering the events of the Luminar Investor Day were published in *Forbes* and other media outlets. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that Paragraph 3 purports to paraphrase and selectively quote from an alleged "expert report" commissioned by Plaintiffs and authored by Michael Lebby, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that the Securities and Exchange Commission (the "SEC") and Luminar exchanged communications in 2022 relating to Luminar's products. Defendants admit that Paragraph 4 purports to paraphrase and selectively quote from a letter Luminar sent to the SEC on December 27, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that Paragraph 5 purports to paraphrase and selectively quote from the transcript of the Luminar Investor Day that occurred on February 28, 2023, which speaks for itself. Defendants admit that Luminar's stock traded under $1 per share for over thirty days and that Luminar received a notice of delisting from NASDAQ on October 21, 2024. Defendants admit Luminar underwent

a reverse stock split. Defendants admit that Luminar's stock closed at $134.25 per share on February 28, 2023, and closed at $7.40 on January 10, 2025. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 5.

## II.    FACTUAL BACKGROUND

6.    Defendants admit that Paragraph 6 purports to describe the nature of this action. Defendants admit that Plaintiff purports to assert claims arising under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 6.

7.    Defendants admit the allegations in Paragraph 7.

8.    Defendants admit that Paragraph 8 purports to paraphrase and selectively quote from a letter submitted to the SEC by Luminar on December 27, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 8.

9.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first four sentences of Paragraph 9 because such allegations are vague, generalized, and not properly defined and, on that basis, deny those allegations. Defendants admit that the fifth sentence of Paragraph 9 purports to selectively quote from the transcript of the 2023 Optical Fiber Communication Conference, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 9.

10.    Defendants deny the allegations in Paragraph 10.

11.    Defendants admit that Luminar acquired Freedom Photonics in March 2022. Defendants admit that Paragraph 11 purports to paraphrase and selectively quote from an article published in *Geo Week News* on February 8, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 11.

12.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 12 because such allegations are vague, generalized, and not properly defined and, on that basis, deny the allegations.

13.    Defendants admit the allegations in Paragraph 13.

14.    Defendants admit that Luminar's Investor Day presentation announced the downsizing of certain components and lowered costs. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 14.

15.    Defendants admit that Paragraph 15 purports to selectively paraphrase from and reproduce portions of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 15.

16.    Defendants admit that Michael McAuliffe, CEO of Luminar Semiconductor, presented at Luminar's Investor Day. Defendants admit that the second sentence of Paragraph 16 purports to selectively paraphrase from and quote portions of Luminar Semiconductor's "Mission Statement," which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 16.

17.     Defendants lack sufficient knowledge or information to form a belief as to who the unnamed "former Senior Executive Assistant" is or what they said and, on that basis, deny the allegations in the first sentence of Paragraph 17. The allegations in the second sentence of Paragraph 17 are legal conclusions and characterizations to which no responsive pleading is required. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that Paragraph 18 purports to selectively paraphrase portions of the transcript from Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that Paragraph 19 purports to paraphrase and selectively quote from portions of the transcript from Luminar Investor Day, which speaks for itself. Defendants further admit that Paragraph 19 purports to selectively reproduce portions of the Luminar Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 19.

20.     Defendants admit that Paragraph 20 purports to describe the hiring of and qualifications for Michael Lebby as an "expert" for Plaintiffs. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's hiring or qualifications and, on that basis, deny the allegations in Paragraph 20.

21.     Defendants admit that Paragraph 21 purports to describe the experience and qualifications of Dr. Lebby. Defendants lack sufficient knowledge or information

to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in Paragraph 21.

22.    Defendants admit that the first sentence of Paragraph 22 purports to describe the experience and qualifications of Dr. Lebby. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in the first sentence of Paragraph 22. Defendants further admit that the second sentence of Paragraph 22 purports to paraphrase and quote from a report commissioned by Plaintiffs and authored by Dr. Lebby, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 22.

23.    Defendants admit that Paragraph 23 purports to paraphrase and quote from a report commissioned by Plaintiffs and authored by Dr. Lebby, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 23.

24.    Defendants lack sufficient knowledge and information to form a belief as to the undefined "recogni[tion]" of non-specific "knowledgeable investors" and, on that basis, deny the allegations in Paragraph 24.

25.    Defendants admit that Paragraph 25 purports to paraphrase and selectively quote from statements uttered or authored by Sumit Sharma, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 25.

26.    Defendants admit that Paragraph 26 purports to paraphrase and

selectively quote from an article published in *Forbes* on March 17, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that the share price of Luminar stock decreased on March 17, 2023. Defendants further admit that Paragraph 27 purports to paraphrase and selectively quote from an article published in *Forbes* on March 17, 2023, as updated on March 19, 2023, and a YouTube video uploaded by Luminar, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit that Paragraph 28 purports to selectively paraphrase and reproduce screenshots of a video uploaded to Luminar's YouTube channel, which speaks for itself. Defendants further admit that Paragraph 28 purports to paraphrase and quote from a report commissioned by Plaintiffs and authored by Dr. Lebby, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that the first sentence of Paragraph 29 purports to paraphrase and selectively quote from a letter submitted to the SEC by Luminar on December 27, 2022, which speaks for itself. Defendants lack sufficient knowledge and information to form a belief as to the "surprise[e]" of unspecified "potential investors" who viewed Luminar's Investor Day presentation and, on that basis, deny the allegations in the second sentence of Paragraph 29. Defendants admit that the remainder of Paragraph 29 purports to paraphrase and selectively quote from an article

published in a publication ostensibly entitled "Time News" on March 19, 2023, which—to the extent such a publication exists—speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 29.

30.   Defendants admit that Paragraph 30 purports to paraphrase and selectively quote from an article published on "TheFlyontheWall.com" on March 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 30.

31.   Defendants admit that Paragraph 31 purports to paraphrase and selectively quote from an article published on *SeekingAlpha* on March 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 31.

32.   Defendants admit the allegations in Paragraph 32.

33.   Defendants admit that Luminar published a statement on its blog entitled "Addressing Misconceptions with Facts." Defendants further admit that Paragraph 33 purports to paraphrase and selectively quote from "Addressing Misconceptions with Facts," which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 33.

34.   Defendants deny the allegations in the first two sentences of Paragraph 34. Defendants lack information and knowledge sufficient to form a belief as to the contents and results of Plaintiff's counsel's "internet search" and/or "Google search" and, on that basis, deny the allegations in sentences three, four, and five of Paragraph 34. Except to the extent expressly admitted, Defendants deny the allegations in

Paragraph 34.

35.    Defendants lack information and knowledge sufficient to form a belief as to the contents and results of Plaintiff's counsel's "Google search" and, on that basis, deny the allegations in Paragraph 35. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 35.

36.    Defendants deny the allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants admit that Paragraph 38 purports to paraphrase and selectively quote from an article published in *Forbes* on March 17, 2023, as updated on March 19, 2023, and the Luminar blog post entitled "Addressing Misconceptions with Facts," which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

## III.    JURISDICTION AND VENUE

40.    The allegations in Paragraph 40 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiffs purport to assert claims arising under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) & 78t(a)), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 40.

41.    The allegations in Paragraph 41 are legal conclusions and

characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiffs purport to plead jurisdiction pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that Luminar's principal executive office is located in Orlando, Florida. Defendants further admit that Paragraph 42 purports to selectively cite Luminar's Prospectus Summary filed with the SEC on September 8, 2023, which speaks for itself. The remaining allegations in Paragraph 42 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiffs purport to plead venue pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 43.

## IV.    THE PARTIES AND RELEVANT NON-PARTIES

### A.    Lead Plaintiff

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 regarding John Alms' purchase or acquisition of Luminar common stock, and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 44.

**B.      Defendants**

45.      Defendants admit the allegations in Paragraph 45.

46.      Defendants deny the allegations in Paragraph 46.

47.      The allegations in Paragraph 47 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 47.

48.      The allegations in Paragraph 48 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 48.

49.      Defendants deny the allegations in Paragraph 49.

**C.      Relevant Non-Parties**

50.      Defendants admit the allegations in Paragraph 50.

51.      Defendants admit the allegations in Paragraph 51.

52.      Defendants lack sufficient knowledge or information to form a belief as to who CW 1 is or what they purportedly did and, on that basis, deny the allegations in Paragraph 52.

**V.      TECHNOLOGICAL BACKGROUND OF THE CLAIMS**

**A.      Lidar Technology**

53.      Defendants lack sufficient knowledge or information to form a belief as to the undefined terms and phrases used in Paragraph 53—including, but not limited to, "highly competitive industry," "in competition," "twenty other companies," and "quickly advance lidar technology"—and, on that basis, deny the allegations in

11

Paragraph 53.

54.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 54 because such allegations are vague, generalized, and not properly defined and, on that basis, deny the allegations.

55.    Defendants admit the allegations in Paragraph 55.

56.    Defendants admit the allegations in the first three sentences of Paragraph 56. Defendants lack sufficient knowledge or information to form a belief as to the source or accuracy of the uncited photograph or screenshot reproduced in Paragraph 56, and, on that basis, deny the allegations in the fourth and final sentence of Paragraph 56. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 56.

57.    Defendants lack sufficient knowledge or information to form a belief as to the undefined terms and phrases used in Paragraph 57—including, but not limited to, "recent years" and "lidar manufacturers"—and, on that basis, deny the allegations in Paragraph 57.

58.    Defendants lack sufficient knowledge or information to form a belief as to the source or accuracy of the "schematic" reproduced in Paragraph 58, and, on that basis, deny the allegations in Paragraph 58.

59.    Defendants admit the allegations in the first sentence of Paragraph 59. Defendants lack sufficient knowledge or information to form a belief as to the undefined terms and phrases used in the second sentence of Paragraph 59—including, but not limited to, "technology companies," "in a race," "sleekest," and "most

economical"—and, on that basis, deny the allegations in the second sentence of Paragraph 59. Defendants admit that the third sentence of Paragraph 59 purports to selectively quote from the transcript of the 2023 Optical Fiber Communication Conference, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in the first two sentences of Paragraph 60. The allegations in the third sentence of Paragraph 60 are legal conclusions or characterizations to which no responsive pleading is required. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 60.

**B. The Background of Luminar and Luminar Semiconductor**

61. Defendants admit that Paragraph 61 purports to paraphrase and selectively quote from statements in filings submitted by Luminar to the SEC, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 61.

62. Defendants admit that Luminar has acquired semiconductor companies, including Black Forest Engineering, Optogration, Inc., and Freedom Photonics. Defendants admit that Paragraph 62 purports to selectively quote from a statement made by Luminar Chief Technology Officer Jason Eichenholz on March 21, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 62.

63. Defendants admit the allegations in Paragraph 63.

64. Defendants admit the allegations in the first sentence of Paragraph 64.

13

Defendants admit that the remainder of Paragraph 64 purports to paraphrase and selectively quote from the transcript of Luminar Investor Day, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 64.

65.    Defendants admit that Paragraph 65 purports to selectively quote from and reproduce portions of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 65.

66.    Defendants lack sufficient knowledge or information to form a belief as to the undefined terms and phrases used in Paragraph 66—including, but not limited to, "advanced PIC," "critical to the success of the company," and "integral to the [company's] products"—and, on that basis, deny the allegations in Paragraph 66.

67.    Defendants lack sufficient knowledge or information to form a belief as to the source, date, and context of the alleged quotation in Paragraph 67 and, on that basis, deny the allegations in Paragraph 67.

68.    Defendants lack sufficient knowledge or information to form a belief as to the source, date, and context of the unspecified "analyst report" quoted in Paragraph 68 and, on that basis, deny the allegations in Paragraph 68.

69.    Defendants lack sufficient knowledge or information to form a belief as to the source and context of the quotations from undefined "news outlets" forming the allegations in Paragraph 69 and, on that basis, deny the allegations in Paragraph 69.

70.    Defendants admit that Paragraph 70 purports to paraphrase and

selectively quote from the Form 10-Q filed with the SEC by Luminar on August 8, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

**C.    Lidwave**

73.    Defendants lack sufficient knowledge or information to form a belief as to Lidwave's principal place of operations or its business and, on that basis, deny the allegations in Paragraph 73.

74.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 74 because such allegations are vague, generalized, and not properly defined and, on that basis, deny the allegations.

75.    Defendants lack sufficient knowledge or information to form a belief as to Lidwave's "Finite Coherent Ranging architecture" and, on that basis, deny the allegations in Paragraph 75. Defendants admit that Paragraph 75 purports to reproduce a picture published by Lidwave, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegation in the first sentence of Paragraph 76 that Luminar was "watching [Lidwave's] pioneering work in PIC chip integration," and lack sufficient knowledge or information to form a belief as to the behavior of undefined "other competitors" and, on that basis, denies the remainder of the first sentence. Defendants admit that the second sentence of Paragraph 76 purports to

selectively quote an undated statement authored by Yehuda Vidal, the CEO of Lidwave, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 76.

77. Defendants admit that Paragraph 77 purports to paraphrase and selectively quote from an undated statement published by Lidwave, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 77.

78. Defendants admit that the Luminar Investor Day presentation video was re-uploaded on YouTube following the conclusion of Luminar's Investor Day. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78.

79. Defendants admit the allegations in the first sentence of Paragraph 79. Defendants admit that the second sentence of Paragraph 79 purports to paraphrase and selectively quote from a statement issued by Luminar on December 22, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 79.

80. Defendants lack sufficient knowledge or information to form a belief as to who CW 1 is or what they did and/or said and, on that basis, deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants lack sufficient knowledge or information to form a belief as to who CW 1 is or what they did and/or said and, on that basis, deny the allegations in Paragraph 82.

16

83. Defendants lack sufficient knowledge or information to form a belief as to who CW 1 is or what they did and/or said and, on that basis, deny the allegations in Paragraph 83.

84. Defendants admit that Paragraph 84 purports to paraphrase and selectively quote from analyst reports authored by Deutsche Bank and J.P. Morgan, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 84.

85. Defendants admit the allegations in Paragraph 85.

86. Defendants admit that Paragraph 86 purports to selectively paraphrase and reproduce portions of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 86.

87. Defendants admit that Paragraph 87 purports to selectively paraphrase portions of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 87.

88. Defendants admit the allegations in Paragraph 88.

89. Defendants admit that Paragraph 89 purports to paraphrase and selectively quote from analyst reports authored by Citi, Deutsche Bank, and Craig-Hallum, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 89.

## VI.    CLASS PERIOD FALSE AND MISLEADING STATEMENTS

90. Defendants admit that the first Luminar Investor Day occurred on

February 28, 2023. Defendants further admit that Luminar Investor Day was held at Luminar's headquarters and that portions of the event were made available through a webcast on Luminar's website and later uploaded to YouTube. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in the first sentence of Paragraph 91. Defendants admit the allegations in the second sentence of Paragraph 91. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 91.

92.    Defendants admit that Paragraph 92 purports to paraphrase and selectively quote from portions of the transcript of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 92.

93.    Defendants admit that Paragraph 93 purports to selectively paraphrase and reproduce portions of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 93.

94.    Defendants admit that portions of Luminar's Investor Day presentation were available on Luminar's website. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96.

## VII.   THE TRUTH ABOUT LUMINAR'S "CHIP" IS DISCLOSED

97.   Defendants admit that Paragraph 97 purports to paraphrase and selectively quote from an article published in *Forbes* on March 17, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 97.

98.   Defendants admit that Paragraph 98 purports to selectively paraphrase and reproduce portions of an article published in *Forbes* on March 17, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 98.

99.   Defendants admit that Paragraph 99 purports to selectively paraphrase and reproduce portions of an article published in *Forbes* on March 17, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 99.

100.   Defendants admit that Paragraph 100 purports to selectively paraphrase and reproduce portions of an article published in *Forbes* on March 17, 2023, as updated on March 19, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 100.

101.   Defendants admit that Paragraph 101 purports to selectively paraphrase and reproduce portions of an article published in *Forbes* on March 17, 2023, as updated on March 19, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 101.

102.   Defendants deny the allegations in Paragraph 102.

103.    Defendants admit that Paragraph 103 purports to paraphrase and selectively quote from an article published in a publication ostensibly entitled "Time News" on March 19, 2023, which—to the extent such a publication exists—speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 103.

104.    Defendants admit that the price per share of Luminar common stock decreased on March 17 and March 20, 2023. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 104.

105.    Defendants admit that Paragraph 105 purports to paraphrase and selectively quote from an article published on "TheFlyontheWall.com" on March 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 105.

106.    Defendants admit that Paragraph 106 purports to paraphrase and selectively quote from an article published on *SeekingAlpha* on March 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 106.

107.    Defendants admit that the price per share of Luminar common stock decreased on March 17 and March 20, 2023. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 107.

## VIII.   <u>EXPERT ANALYSIS CONFIRMS THAT LUMINAR'S CHIP DID NOT HAVE THE SAME CAPABILITIES AS THAT PICTURED DURING INVESTOR DAY</u>

108.    Defendants admit that Paragraph 108 purports to explain why Plaintiffs

commissioned a report from Michael Lebby. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 108.

### A.    Dr. Lebby's Qualifications and Experience

109.    Defendants admit that Paragraph 109 purports to describe the qualifications and experience of Michael Lebby, an "expert" for the Plaintiffs. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in Paragraph 109.

110.    Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in Paragraph 110.

111.    Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in Paragraph 111.

112.    Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in Paragraph 112.

113.    Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's experience or qualifications and, on that basis, deny the allegations in Paragraph 113.

### B.    Dr. Lebby's Analysis

114.    Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and,

on that basis, deny the allegations in Paragraph 114.

115. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 115.

116. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 116.

117. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 117.

118. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 118.

119. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 119.

120. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 120.

121. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 121.

122. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 122.

123. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 123.

124. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 124.

125. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 125.

126. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 126.

127. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 127.

128. Defendants lack sufficient knowledge or information to form a belief as to Dr. Lebby's purported review and analysis of any facts at issue in this litigation and, on that basis, deny the allegations in Paragraph 128.

## IX.    ADDITIONAL SCIENTER ALLEGATIONS

### A.    *Respondeat Superior* And Agency Principles Apply

129.    The allegations in Paragraph 129 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 129.

### B.    McAuliffe Knew Or Was Reckless In Not Knowing That The PIC Pictured In The PowerPoint Presentation Was Manufactured by Lidwave

130.    The allegations in Paragraph 130 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants admit that Paragraph 132 purports to selectively reproduce portions of Luminar's Investor Day presentation and a "2019 document created by Luminar Semiconductor's own Freedom Photonics," which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 132.

133.    Defendants admit that Paragraph 133 purports to selectively reproduce portions of a "2019 document created by Luminar Semiconductor's own Freedom Photonics," which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 133.

134.    Defendants admit that Paragraph 134 purports to selectively reproduce portions of a "2019 document created by Luminar Semiconductor's own Freedom

Photonics," which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Paragraph 135 purports to selectively paraphrase portions of a "2019 document created by Luminar Semiconductor's own Freedom Photonics" and a report commissioned by Plaintiffs and authored by Dr. Lebby, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that Defendant McAuliffe was familiar with technology that Luminar Semiconductor was making. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 136.

137.    Defendants admit that Paragraph 137 purports to paraphrase and selectively quote from portions of the transcript from Luminar Investor Day, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants lack information and knowledge sufficient to form a belief as to the contents and results of Plaintiff's counsel's "Google search" and, on that basis, deny the allegations in Paragraph 139. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 139.

140.    Defendants lack information and knowledge sufficient to form a belief as to the contents and results of Plaintiff's counsel's "Google search" and, on that basis, deny the allegations in Paragraph 140. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 140.

141. Defendants lack information and knowledge sufficient to form a belief as to the contents and results of Plaintiff's counsel's searches of Lidwave's website and, on that basis, deny the allegations in Paragraph 141. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

**C.    Luminar Did Not Correct Its Deception Until Forced To Do So By its Competitor And It Was Deceitful In Doing That**

143. Defendants admit that Paragraph 143 purports to paraphrase and selectively quote from an article published in a publication ostensibly entitled "Times News" on March 19, 2023, which—to the extent such a publication exists—speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 143.

144. The allegations in Paragraph 144 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 144.

145. The allegations in Paragraph 145 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that the Luminar Investor Day presentation was re-uploaded on the Luminar website following the conclusion of Luminar's Investor Day. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that the Luminar Investor Day presentation video was re-uploaded on YouTube following the conclusion of Luminar's Investor Day. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 146.

147.    Defendants admit that Paragraph 147 purports to selectively reproduce portions of Luminar's Investor Day presentation, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 147.

### D.    The PIC Was Luminar's Core Operation

148.    The allegations in Paragraph 148 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that the first sentence of Paragraph 149 purports to paraphrase and selectively quote from the Form 10-K filed with the SEC by Luminar on February 28, 2023, which speaks for itself. Defendants lack information and knowledge sufficient to form a belief as to the source, date, and context of the statements purportedly made by undefined "news outlets" and "reporters" and, on that basis, deny the remaining allegations in Paragraph 149. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants admit that Paragraph 151 purports to paraphrase and selectively quote from the transcript of the Deutsche Bank Global Auto Industry

27

Conference held on June 14, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

## X.    LOSS CAUSATION

153. The allegations in Paragraph 153 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 153.

154. The allegations in Paragraph 154 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 154.

155. The allegations in Paragraph 155 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 155.

156. The allegations in Paragraph 156 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 156.

157. The allegations in Paragraph 157 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Paragraph 157 purports to selectively paraphrase an article published in *Forbes* on March 17, 2023, and updated on March 19, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 157.

158.   Defendants admit that Paragraph 158 purports to selectively paraphrase an article published on "TheFlyontheWall.com" on March 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 158.

159.   Defendants admit that Paragraph 159 purports to selectively paraphrase an article published on *SeekingAlpha* on March 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 159.

160.   The allegations in Paragraph 160 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that the price per share of Luminar common stock closed at $7.80 on March 20, 2023. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 160.

161.   The allegations in Paragraph 161 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 161.

## XI.   CONTROL PERSON LIABILITY

162.   The allegations in Paragraph 162 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 162.

163.   The allegations in Paragraph 163 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 163.

164. The allegations in Paragraph 164 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 164.

## XII.  APPLICABILITY OF THE FRAUD ON THE MARKET DOCTRINE

165. The allegations in Paragraph 165 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 165.

166. The allegations in Paragraph 166 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 166.

167. The allegations in Paragraph 167 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 167.

## XIII.  AFFILIATED UTE PROVISION

168. The allegations in Paragraph 168 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 168.

## XIV.  NO SAFE HARBOR

169. The allegations in Paragraph 169 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 169.

170. The allegations in Paragraph 170 are legal conclusions and

characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 170.

171. The allegations in Paragraph 171 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 171.

172. The allegations in Paragraph 172 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 172.

173. The allegations in Paragraph 173 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 173.

174. The allegations in Paragraph 174 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 174.

## XV.   CLAIMS FOR RELIEF

**COUNT I**
**For Violations of Section 10(b) of the Exchange Act and**
**Rule 10b-5 Against Defendants**

175. Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiff's TAC, as though fully set forth herein.

176. The allegations in Paragraph 176 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiffs purport to assert claims arising under

31

Section 10(b) of the Exchange Act (15 U.S.C. §§ 78j(b)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 176.

177. The allegations in Paragraph 177 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 177.

178. The allegations in Paragraph 178 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 178.

179. The allegations in Paragraph 179 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 179.

180. The allegations in Paragraph 180 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 180.

181. The allegations in Paragraph 181 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 181.

182. The allegations in Paragraph 182 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 182.

183. The allegations in Paragraph 183 are legal conclusions and

characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 183.

184. The allegations in Paragraph 184 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 184.

185. The allegations in Paragraph 185 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 185.

186. The allegations in Paragraph 186 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 186.

187. The allegations in Paragraph 187 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 187.

**COUNT II**
**For Violations of Section 20(a) of the Exchange Act**
**Against McAuliffe**

188. Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiff's TAC, as though fully set forth herein.

189. The allegations in Paragraph 189 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiffs purport to assert claims arising under Section 20(a) of the Exchange Act (15 U.S.C. §§ 78t(a)). Except to the extent expressly

admitted, Defendants deny the allegations in Paragraph 189.

190. The allegations in Paragraph 190 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 190.

191. The allegations in Paragraph 191 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 191.

192. The allegations in Paragraph 192 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 192.

193. The allegations in Paragraph 193 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 193.

194. The allegations in Paragraph 194 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 194.

195. The allegations in Paragraph 195 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 195.

196. The allegations in Paragraph 196 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 196.

197. The allegations in Paragraph 197 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 197.

## XVI.  CLASS ACTION ALLEGATIONS

198. The allegations in Paragraph 198 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiffs purport to bring this action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all persons and entities other than Defendants that purchased or otherwise acquired Luminar common stock between February 28, 2023 and March 17, 2023, and were damaged thereby. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 198.

199. Defendants admit that Paragraph 199 purports to exclude Defendants and certain associated persons or entities related to Defendants from the proposed class.

200. The allegations in Paragraph 200 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 200.

201. The allegations in Paragraph 201 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 201.

202. The allegations in Paragraph 202 are legal conclusions and

characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 202.

203. The allegations in Paragraph 203 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 203.

204. The allegations in Paragraph 204 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 204.

205. The allegations in Paragraph 205 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 205.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the TAC and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including, but not limited to, the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and

did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, would have purchased Luminar shares as they did, even with full knowledge

38

of the facts Plaintiff, and the class that Plaintiff purport to represent, have now alleged were misrepresented or omitted by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff's alleged injuries, or the injuries of the class that Plaintiff purports to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred because they cannot show transaction or loss causation.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Luminar's share value alleged to form the basis of Plaintiff's claims, and the claims of the class that Plaintiff purports to represent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiff purports to represent, suffered, were caused by independent, intervening,

39

and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the class that Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, or the class that Plaintiff purports to represent, sold their Luminar shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Luminar shares.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the class that Plaintiff purports to represent, in connection with their ownership of Luminar shares.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiff's purchase, or the purchases by the class that Plaintiff purports to represent, of Luminar shares.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, and the class that Plaintiff purports to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because individual issues, including, but not limited to, those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot fairly and adequately represent the class it purports to represent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate affirmative defenses to the individual claims of Plaintiff, and the class that Plaintiff purports to represent.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff, and the class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to

assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's TAC, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1.      That the TAC be dismissed with prejudice and that Plaintiff take nothing thereby;

2.      That judgment be entered in favor of Defendants on all claims;

3.      For Defendants' cost of suit herein, including reasonable attorneys' fees; and

4.      For such other and further relief as the Court deems just.

Dated: October 24, 2025                /s/ John M. Brennan, Jr.

JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
Telephone: 407-843-8880
Fax: 407-244-5690
john.brennan@gray-robinson.com

*Counsel for Defendants*

JAMES N. KRAMER (admitted *pro hac vice*)
California Bar No. 154709
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Fax: 415-773-5759
jkramer@orrick.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.
