**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN ALMS, Individually and
on Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

LUMINAR TECHNOLOGIES, INC. and
MIKE MCAULIFFE,

        Defendants.

Case No. 6:23-cv-982-JSS-LHP

## NOTICE OF BAR DATE ORDER AND PROOF OF CLAIM FORM

Pursuant to the December 30, 2025 *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (Docket No. 118) of the United States Bankruptcy Court for the Southern District of Texas in *In re Luminar Technologies, Inc.*, et al., Case No. 25-90807 (CML) (Jointly Administered) (the "**Bankruptcy Court Order**"), Luminar Technologies, Inc. and its debtor affiliates (the "**Debtors**") are required to file on this docket the Notice of Deadlines for Filing Proofs of Claim and the Proof of Claim Form related to the Debtors' chapter 11 cases.

Accordingly, pursuant to the Bankruptcy Court Order, notice is hereby provided that the deadline for creditors to file proofs of claim against any of the Debtors in the above-referenced matter is **February 4, 2026 at 5:00 p.m. (Central Time)**.  The Notice of Deadlines for Filing Proofs of Claim and the Proof of Claim Form are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

Dated: January 10, 2026
Orlando, Florida

Respectfully submitted,

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
Gray Robinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
Telephone: 407-843-8880
Fax: 407-244-5690
john.brennan@gray-robinson.com
*Counsel for Defendants Luminar Technologies, Inc.,*
*and Mike McAuliffe*

JAMES N. KRAMER
California Bar No. 154709 (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669 Telephone: 415-773-5700
Fax: 415-773-5759
jkramer@orrick.com
*Counsel for Defendants Luminar Technologies, Inc.,*
*and Mike McAuliffe*

ALEXANDER K. TALARIDES
California Bar No. 268068 (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
Ste. 2700
San Francisco, CA 94105-2669
Telephone: 213-612-2435
atalarides@orrick.com
*Counsel for Defendants Luminar Technologies, Inc.*
*and Mike McAuliffe*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**James Michael LoPiano**
Pomerantz LLP
600 Third Avenue, Suite 20th Floor
New York, NY 10016

**Nathan Zipperian & Jayne Arnold Goldstein**
Miller Shah LLP
2103 N. Commerce Parkway
Fort Lauderdale, FL 33326

**Robert W. Killorin**
Faruqi & Faruqi, LLP
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305

**James Milligan Wilson, Jr.**
James Wilson
685 Third Avenue, 26th Floor
New York, NY 10017

**Jeffery L. Haberman & Johnathan Robert Gdanski**
Schlesinger Law Offices, PA
1212 SE 3rd Ave
Ft Lauderdale, FL 33316

**Cullin Avram O'Brien**
Cullin O'Brien Law, P.A.
6541 NE 21st Way
Ft. Lauderdale, FL 33308

**Adam M. Apton**
Levi & Korsinsky, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004

**Laurence Matthew Rosen**
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10116

**Katherine M. Lenahan**
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

*/s/ John M. Brennan, Jr.*
JOHN M. BRENNAN, JR.

## <u>Exhibit A</u>

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re :** | § | **Chapter 11** |
| | § | |
| **Luminar Technologies, Inc.,** *et al.,* | § | **Case No. 25-90807 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

**TO:    ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY DEBTOR(S) LISTED BELOW.**

**PLEASE TAKE NOTICE THAT:**

1.    On December 15, 2025, and December 31, 2025, as applicable (the "**Petition Date**"), Luminar Technologies, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").  Set forth below are the name, federal tax identification number, and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| **LAZR Technologies, LLC** | 39-5078909 | 25-90806 (CML) |
| **Luminar Technologies, Inc.** (f/k/a Gores Metropoulos; Dawn Merger Sub, Inc.; and Dawn Merger Sub II, LLC) | 83-1804317 | 25-90807 (CML) |
| **Luminar, LLC** (f/k/a Luminar Holdco, LLC; LAZR, Inc.; and Dawn Merger Sub II, LLC) | 92-1547133 | 25-90808 (CML) |
| **Condor Acquisition Sub I, Inc.** | 92-3260155 | 25-90819 (CML) |
| **Condor Acquisition Sub II, Inc.** | 92-3278587 | 25-90820 (CML) |

**DEADLINES FOR FILING CLAIMS AGAINST ABOVE-REFERENCED DEBTORS**

2.    On December 30, 2025, the Court entered the *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (Docket No. 118) (the "**Bar Date**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  LAZR Technologies, LLC (8909); Luminar Technologies, Inc. (4317); Luminar, LLC (7133); Condor Acquisition Sub I, Inc. (0155); and Condor Acquisition Sub II, Inc (8587).  The Debtors' mailing address is 2603 Discovery Drive, Suite 100, Orlando, Florida 32826.

**Order**"),[2] pursuant to which the Court established **February 4, 2026 at 5:00 p.m. (Central Time)** (the "**General Bar Date**") as the deadline for non-governmental units to file Proofs of Claim and **June 15, 2026 at 5:00 p.m. (Central Time)** for governmental units (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

3.     **The Bar Dates apply to all claims against any of the Debtors that arose before the Petition Date**, including, but not limited to, claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code;[3] *provided*, *however*, that the Bar Dates do not apply to the "Excluded Claims" listed in paragraph seven (7) below.

4.     On January 9, the Court entered the *Order Directing (I) Joint Administration of Additional Chapter 11 Cases and (II) Application of Certain Orders in Chapter 11 Cases of Luminar Technologies, Inc., et al. to Additional Debtors* (Docket No. 176) (the "**Additional Debtors' Order**"), granting, among other relief, that certain orders of the Court in the above referenced jointly administered chapter 11 cases, including the Bar Date Order, be made applicable to Condor Acquisition Sub I, Inc. and Condor Acquisition Sub II, Inc.

## PROCEDURES FOR FILING CLAIMS AGAINST ABOVE-REFRENCED DEBTORS

5.     Pursuant to the Bar Date Order, made applicable by the Additional Debtors' Order, the Bar Date Order established certain procedures for filing proofs of claim, which are summarized in this notice for your convenience.

6.     Unless you fall into one of the Excluded Claims categories listed in paragraph seven (7) below, you **MUST** file a proof of claim if you have any claim against any of the Debtors that arose before the Petition Date.  Acts or omissions that occurred before the Petition Date may give rise to claims subject to the Bar Dates even if the claims may not have become known or fixed or liquidated until after the Petition Date.  Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

7.     The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Dates for the types of claims listed below in this paragraph seven (7) (collectively, the "**Excluded Claims**"). You should not file a proof of claim at this time for any Excluded Claim.  The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  Excluded Claims include:

      a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]  A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors in the twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

b.  any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.  any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors or any statutory committee pursuant to orders of this Court that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

e.  any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

f.  any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g.  any person or entity holding an equity security interest (as defined in section 101(16) of the Bankruptcy Code) in any Debtor solely with respect to such equity interest; *provided*, that if any such holder also wishes to assert a claim against (as opposed to an equity security interest in) any Debtor, including, but not limited to, a claim arising from the purchase or sale of a security of any Debtor or rescission under section 510 of the Bankruptcy Code, such holder must submit a Proof of Claim asserting such claim on or before the applicable Bar Date.  For the avoidance of doubt, any person or entity holding an equity security interest in any Debtor does not need to file a Proof of Claim or Interest solely on account of such current ownership but does need to file a Proof of Claim if asserting a claim under applicable securities laws;

h.  any entity whose claim is solely against any non-Debtor affiliate;

i.  any Debtor asserting a claim against another Debtor;

j.  any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

k.  any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

8.  **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

9.  If the Debtors (i) file any schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") and identify parties not included on their creditor matrix as of the time you receive this notice, or (ii) amend or supplement to their schedules (an "**Amendment**") (a) to reduce

the undisputed, noncontingent, and liquidated amount of the claim; (b) to change the nature or characterization of a claimant's claim; or (c) to add a new claim with respect to a claimant to the Schedules, the Debtors will give notice of that Amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice. Any amended proof of claim or subsequently filed proof of claim shall be deemed to have superseded any prior proof of claim filed with respect to that amended claim.

10.     The Bankruptcy Code provides that debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases.  If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after entry and service of any order authorizing the rejection of the contract or lease.

## INSTRUCTIONS FOR FILING PROOFS OF CLAIM:

11.     If you file a proof of claim, your filed proof of claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars, using if applicable, the exchange rate as of 5:00 p.m. (Central Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii)  conform to the Proof of Claim Form, provided by the Debtors, or Official Form 410; (iv) set forth with reasonable specificity the legal and factual basis for the alleged claim; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.  The Debtors are enclosing a proof of claim form for use in these chapter 11 cases.  Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  A proof of claim filed under the lead case number (No. 25-90807 (CML)) or otherwise without identifying a specific Debtor will be deemed as filed only against Luminar Technologies, Inc.  If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as contingent, unliquidated or disputed.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtors.  If you require additional proof of claim forms, you may obtain a proof of claim form from any bankruptcy court clerk's office, your lawyer, certain business supply stores, or by accessing the Debtors' bankruptcy administration website, at omniagentsolutions.com/Luminar.

12.     If your claim asserts a security interest in property of the Debtors, your proof of claim must be accompanied by evidence that such security interest has been perfected. If, however, such documentation is either voluminous or unavailable, upon consent of the Debtors' counsel, your proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available, *provided* that any creditor that received such consent shall be required to transmit such writings to the Debtors or their advisors upon request no later than ten (10) days from the date of such request.

13.     Your proof of claim form must be filed so as to be ACTUALLY RECEIVED on or before **February 4, 2026 at 5:00 p.m. (Central Time)** for general creditors (non-Governmental Units), and **June 15, 2026 at 5:00 p.m. (Central Time)** for Governmental Units.  You can file your proof(s) of claim (i) electronically through Omni Agent Solutions, Inc. ("**Omni**"), at https://omniagentsolutions.com/Luminar; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to Omni by mail or hand delivery at the following address:

| If by First-Class Mail, Hand Delivery, or Overnight Mail |
|---|
| Luminar Technologies, Inc., *et al.,* Claims Processing Center<br>c/o Omni Agent Solutions, Inc.<br>5955 De Soto Avenue, Suite 100<br>Woodland Hills, California 91367 |

*Omni will not accept a proof of claim sent by facsimile or e-mail, and any proof of claim submitted via facsimile or e-mail will be disregarded.*

**CONSEQUENCES OF MISSING DEADLINES FOR FILING CLAIMS:**

14.    **EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH SEVEN (7) ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTORS, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASES.**

**EXAMINATION OF BAR DATE ORDER AND SCHEDULES:**

15.    Copies of the Bar Date Order, the Schedules (once filed), and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on the Debtors' bankruptcy administration website, at https://omniagentsolutions.com/Luminar, maintained by Omni.  Copies of the Schedules and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m. (Central Time), Monday through Friday, at the Office of the Clerk of the Court, 515 Rusk Avenue, Houston, TX 77002.

**QUESTIONS:**

16.    Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting Omni's website at https://omniagentsolutions.com/Luminar.  Omni cannot advise you how to file, or whether you should file, a proof of claim.  Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Omni through email at LuminarInquiries@OmniAgnt.com or by calling Omni at (888) 901-3403 (Toll-Free Number within the U.S./Canada) and (747) 293-0190 (International).

17.    Please note that neither Omni's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice.  Omni cannot advise you how to file, or whether you should file, a proof of claim.

| **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.** |
|---|

**Exhibit B**

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**Fill in the information to identify the case (Select only one Debtor per form):**

☐ Luminar Technologies, Inc. (Case No. 25-90807)
☐ LAZR Technologies, LLC (Case No. 25-90806)
☐ Luminar, LLC (Case No. 25-90808)
☐ Condor Acquisition Sub I, Inc. (Case No. 25-90819)
☐ Condor Acquisition Sub II, Inc. (Case No. 25-90820)

For Omni
Internal Use

Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form.  This form is for making a claim for payment in a bankruptcy case.  Do not use this form to make a request for payment of an administrative expense  (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)).  Make such a request according to 11 U.S.C.  § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  **Do not send original documents;** they may be destroyed after scanning.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1.  Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2.  Has this claim been acquired from someone else?**

☐ No
☐ Yes    From whom?

**3.  Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number        Street

City                    State        ZIP Code

Contact Phone

Contact email

Uniform claim identifier (if you use one)

**Where should payments to the creditor be sent? (if different)**

Name

Number        Street

City                    State        ZIP Code

Contact Phone

Contact email

**4.  Does this claim amend one already filed?**

☐ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                              MM / DD / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes    Who made the earlier filing? _____

Official Form 410                                    **Proof of Claim**                                    **Page 1**

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes     Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

**7. How much is the claim?**     $ _____     **Does this amount include interest or other charges?**

☐ No

☐ Yes     Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes     The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor Vehicle

☐ Other     Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded).

**Value of Property:**     $ _____

**Amount of the claim that is secured:**     $ _____

**Amount of the claim that is unsecured:**     $ _____     (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**     $ _____

**Annual Interest Rate:**     (when case was filed)     _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes     **Amount necessary to cure any default as of the date of the petition.**     $ _____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes     Identify the property: _____

---

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9))?**

☐ No

☐ Yes     Amount of 503(b)(9) Claim: $ _____

---

Official Form 410     **Proof of Claim**     **Page 2**

| | |
|---|---|
| **13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes    *Check all that apply* |

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $ _____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $ _____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).     $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(\_\_\_) that applies.     $ _____

\*   Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                        MM / DD / YYYY

_____
        Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
            First Name          Middle Name          Last Name

Title _____

Company _____
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
              Number          Street

_____
City          State          ZIP Code

Contact Phone _____     Email _____

---