**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN ALMS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v. Case No: 6:23-cv-982-JSS-LHP

MIKE MCAULIFFE,

Defendant.

---

**ORDER**

This matter is before the Court on Lead Plaintiff's Unopposed Motion for: (I) Preliminary Approval of Class Action Settlement; (II) Certification of the Settlement Class; and (III) Approval of Notice to the Settlement Class. Doc. No. 113. Upon review of the motion, the proposed settlement agreement, and all related filings (Doc. Nos. 112-114), there are three (3) issues for which the Court requires additional clarification/briefing.

First, the Stipulation and Agreement of Settlement ("Settlement Agreement") is signed by counsel for Lead Plaintiff John Alms and counsel for Defendant Mike McAuliffe as "their duly authorized attorneys." Doc. No. 112, at 54-55. The parties do not address whether executing the Settlement Agreement in this manner

is legally permissible under either federal law, Florida law, or California law. *See Id.* ¶ 52. The Court is generally aware that attorneys may bind their clients to a settlement with express authorization, however, none is provided beyond the conclusory phrase identified above, and given the nature of the Settlement Agreement and its impact on the identified class, the Court is reluctant to recommend approval of the Settlement Agreement as executed without additional clarification/briefing on the issue.

Second, the Settlement Agreement contains a modification provision, whereby the parties – or their successors in interest – are free to modify, amend, or waive any provisions within the Settlement Agreement, so long as such modification is made in writing. Doc. No. 112 ¶ 44. The Court cannot approve a Settlement Agreement the terms of which can be later modified – the approval is based on the Settlement Agreement in its current form and the potential for future modifications runs the risk of making such approval a nullity. It does not appear that the Settlement Agreement contains a severability provision, therefore the Court will require additional briefing on this issue as well.

Third, the Settlement Agreement references a Confidential Supplemental Agreement (Doc. No. 112 ¶ 37) which has not been provided to the Court. *See* Doc. No. 113, at 16-17. The Court is unable to approve the Settlement Agreement without first reviewing the Confidential Supplemental Agreement. The Court will

therefore require the parties to file a copy of the Agreement, which may be filed under seal.

Accordingly, within **twenty-one (21) days** from the date of this Order, the parties shall file a joint supplemental brief of no more than **ten (10) pages** in length addressing these two (2) issues, along with citation to relevant legal authority. By this same deadline, the parties shall also file a fully executed version of the Confidential Supplemental Agreement, which may be filed under seal. Upon receipt of the joint supplemental brief and Confidential Supplemental Agreement, the Court will take the motion (Doc. No. 113) and all related filings under advisement.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record